[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 10, 2005
THOMAS  K. KAHN
CLERK

No. 04-14327
Non-Argument Calendar
_____

D.C. Docket No. 03-00181-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LESLIE RICHARDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Alabama

_____

**(May 10, 2005)**

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Leslie Richardson appeals his 24-month sentence imposed for

violating the terms of his supervised release, 18 U.S.C. § 3583(e).  After finding

that Richardson (1) left the district without permission to gamble; (2) used drugs; (3) assaulted his ex-girlfriend; and (4) failed to pay his monthly fine payment, the district court considered the Chapter 7 advisory guidelines range of 5 to 11 months imprisonment, but decided to sentence Richardson to the statutory maximum of 24-months imprisonment based on his criminal history and the testimony that he was a danger to others while on controlled substances. Richardson argues that the following mitigating factors, (1) the questionable credibility of his ex-girlfriend; (2) the nature of his offenses; and (3) the fact that he admitted to drug and gambling addictions and agreed to counseling, support the conclusion that the district court's imposition of a 24-month sentence (the statutory maximum) is plainly unreasonable.

We review for abuse of discretion a district court's decision to exceed the recommended sentencing range upon revocation of supervised release under Chapter 7 of the United States Sentencing Commission Guidelines Manual. *See United States v. Brown*, 224 F.3d 1237, 1239 (11th Cir. 2000). Chapter 7 pertains to violations of probation and supervised release. *See* U.S.S.G. § 7B1. The guideline presents a table of recommended imprisonment ranges for violations of certain grades at specific criminal history categories. U.S.S.G. § 7B1.4(a). It is undisputed that Richardson's violations of supervised release are classified as

Grade C violations and that his original sentence carried a Criminal History Category of III. A defendant with that profile would receive a recommended sentence of 5 to 11 months. *See* U.S.S.G. § 7B1.4 (a). The district court, however, also had available statutory maximums as a sentence. The statutory maximum for a revoked term of supervised release is two years in prison for a class C felony. 18 U.S.C. § 3583(e)(3).

"We have held that the chapter seven guidelines are merely advisory, and it is enough that there is some indication the district court was aware of and considered them." *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000) (citation omitted). The district court may impose any sentence within the statutory maximum and a sentence in excess of the Chapter 7 range is permitted so long as it is within the range imposed by Congress. *United States v. Hofierka*, 83 F.3d 357, 362-63 (11th Cir. 1996). Moreover, a district court may consider the rehabilitative needs of a defendant when imposing a sentence exceeding that recommended by Chapter 7. *Brown*, 224 F.3d at 1243. We also give great deference to the district court in making credibility determinations with regard to witnesses. *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003) (citations omitted).

After reviewing the record, we conclude that the 24-month sentence of imprisonment resulting from the district court's revocation of Richardson's supervised release is not an abuse of discretion. Although the sentencing guidelines recommended a term of imprisonment ranging from 5 to 11 months, the district court was not required to apply the sentencing guidelines because it explicitly mentioned the guidelines and decided that the recommended sentence was inadequate under the circumstances. Moreover, a review of the record establishes that the district court's credibility findings are supported, and thus we must give them great deference.

Finally, Richardson did not raise in the district court, in his initial brief, nor in a motion to file a supplemental brief, a constitutional challenge to the calculation of his sentence under the Federal Sentencing Guidelines. As such, any possible claim based on the U.S. Supreme Court's recent decisions in *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 ___ L.Ed.2d ___ (2005),[1] and *Blakely v. Washington*, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), arguably has been abandoned. *See United States v. Stinson*, 97 F.3d 466, 470 n.2 (11th Cir. 1996) (declining to reach an issue that the defendant abandoned by not raising it in his initial brief). Even if this court construed Richardson's fact-based

---

[1]Consolidated with *United States v. Fanfan*.

4

challenged to his sentence as also implicitly presenting a constitutional claim for the first time on appeal, such a claim would be reviewable only for plain error. *See Booker*, 543 U.S. at ___, 125 S.Ct. at 769.

An appellate court may not correct an error the defendant failed to raise in the district court unless there is: "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002) (quotations and internal marks omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotations and internal marks omitted).

No plain error exists in this case because the first prong of the test is not satisfied. The guidelines system concerning revocation of supervised release under which Richardson's sentence was imposed is advisory, not mandatory. *See Aguillard*, 217 F.3d at 1320 ("chapter 7 guidelines are merely advisory"). Thus, there was no *Booker* error. Moreover, persuasive authority from the Second Circuit has held that remand was not necessary in a revocation case in which a two-year sentence was imposed upon revocation of supervised release because, even though the revocation sentence was imposed pre-*Booker*, the district court, as

noted in the instant case as well, appreciated the fact that the guideline sentencing regime was advisory with respect to revocation of supervised release. *See United States v. Fleming*, No. 04-1817, 2005 WL 23720 (2d Cir. Feb. 2, 2005).

For the above stated reasons, we affirm Richardson's sentence.

**AFFIRMED.**

BARKETT, Circuit Judge, concurring:

I concur in the result.