[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13740
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 91-06159-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH GREGORY SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 14, 2009)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Kenneth Gregory Smith, through counsel, appeals the district court's denial

of his second motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2),

after his initial § 3582(c)(2) motion was granted and affirmed on appeal. He

argues that he should receive a further § 3582(c)(2) sentence reduction based on Amendment 706, because the United States Department of Justice ("DOJ") has a new position on the disparity between sentences of crack cocaine and powder cocaine, and his amended sentence is therefore unreasonable. After careful review, we affirm.

We review "de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008), cert. denied, 129 S.Ct. 1657 (2009). We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). Id. n.1. A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a guideline range that the Sentencing Commission subsequently lowered. 18 U.S.C. § 3582(c)(2). A § 3582(c)(2) motion to reduce sentence does not provide the basis for a de novo re-sentencing. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).

We find no merit in Smith's claim that he should receive an additional § 3582(c)(2) reduction to his sentence under Amendment 706, based on a statement that Lanny A. Breuer, a DOJ Assistant Attorney General, made before the United States Senate Committee on the Judiciary Subcommittee on Crime and Drugs on April 29, 2009, that would reduce the severity of Smith's crack cocaine offense.

2

Importantly, the law of the case doctrine applies here, since the district court previously granted Smith a § 3582(c)(2) reduction in this case, which this Court affirmed, upon finding that the district court had adequately weighed the § 3553(a) factors and sentenced Smith accordingly to the high-end of his guideline range. Under the law of the case doctrine, we are "bound by findings of fact and conclusions of law" that we previously made in the same case unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996).

None of the exceptions to the law of the case doctrine apply here. First, Breuer's statement does not constitute new evidence or controlling authority under the first exception, because it was not produced in a subsequent trial. See id. Furthermore, controlling authority has not made Breuer's statement "a contrary decision of law applicable to that issue," so it does not satisfy the second exception. See id. To the contrary, Breuer's statement was merely a policy statement that he made to a Senate Committee with the hope that the sentencing disparity would be eliminated between crack cocaine and powder cocaine offenses.

3

Lastly, under the law, our prior decision was not "clearly erroneous" and would not "work manifest injustice." See id.

Therefore, the district court did not err in denying Smith's second § 3582(c)(2) motion because he was not entitled to a further reduction. See United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009) (holding that a court need not consider the § 3553(a) factors if a defendant is not eligible for § 3582(c)(2) relief).

**AFFIRMED.**