[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14220
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-20177-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATASKA HOWARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 14, 2010)

Before BARKETT, HULL and WILSON , Circuit Judges.

PER CURIAM:

Nataska Howard, proceeding *pro se*, appeals the district court's denial of her

*pro se* motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706. On appeal, Howard argues that, during trial, her counsel rendered ineffective assistance for failure to argue that she could not conspire with herself, and that the jury instructions were improper. Howard also argues that, at sentencing, her counsel was ineffective for failure to object to the district court's determination that she is a career offender based on prior convictions. Further, Howard contends that her sentence was unreasonable. Lastly, Howard attempts to show reversible error by making a number of other constitutional challenges. Upon review of the record and the briefs, we affirm.

I.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam) (citation omitted). A district court may not modify a previously imposed term of imprisonment unless a defendant was sentenced based on a sentencing range that has "subsequently been lowered" by the United States Sentencing Commission. *Id.*; 18 U.S.C. §§ 3582(c)(2). When determining whether to modify a defendant's sentence pursuant to § 3582(c)(2), the district court it is not permitted to resentence *de novo*, and "*all* original sentencing determinations remain unchanged with the sole exception of the

guideline range that has been amended since the original sentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis in original).

Howard argues that Amendment 706, which revised the Drug Quantity Table set forth in U.S.S.G. § 2D1.1(c) and reduces by two levels the offense level for crack cocaine offenses, affords her a reduced sentence. After review of the record, we find that Howard is not entitled to a sentence reduction. As a Career Offender, Howard was not sentenced under §2D1.1, but was sentenced under § 4B1.1. Therefore, we find that the district court did not err in holding Howard was not eligible for a sentence reduction and that Amendment 706 did not affect Howard's sentence.

## II.

Under the law-of-the-case doctrine, "both the district court and [this Court is] bound by findings of fact and conclusions of law made by [this Court] in a prior appeal of the same case unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work a manifest injustice." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (per curiam) (citation omitted). This Court has recognized the law-of-the-case doctrine in the context of § 3582(c) motions. *United States v.*

*Escobar-Urrego*, 110 F.3d 1556, 1562 (11th Cir. 1997).

Howard's arguments that she is not a career offender and that her sentence is unreasonable are groundless. Howard has already presented these issues before this Court in *United States v. Howard*. 252 Fed.Appx. 955. In that appeal, this Court affirmed the district court's determination that Howard was a career offender under U.S.S.G. § 4B1.1, and held that the sentence applied was reasonable. *Id.* at 959–962. Here, Howard has not presented an argument which falls under the three exceptions to the law-of-the-case doctrine in her § 3582 motion. Therefore, to the extent that Howard attempts to argue that she was improperly sentenced as a career offender and that her sentence was unreasonable, the contentions are foreclosed by the law-of-the-case doctrine.

## III.

Finally, Howard has raised several constitutional challenges to her underlying conviction and sentence. We reject these arguments for two reasons.

First, Howard has also already argued ineffective assistance of counsel. We denied Howard's 28 U.S.C. § 2255 motion for a certificate of appealability ("COA") as to this claim stating that Howard failed to make a substantial showing of the denial of a constitutional right. *See* CM/ECF for U.S. Dist. Ct. For S.D. Fla, case no. 1:08-cv-20411. Doc. 29. Howard has nonetheless argued the merits of

that motion in the instant appeal. We do not address those arguments. *See Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam) ("[W]e hold that in an appeal brought by an unsuccessful habeas petitioner, appellate review is limited to the issues specified in the COA.").

Second, Howard's remaining constitutional arguments are not to be considered within the context of an 18 U.S.C. § 3582 motion. *See Bravo*, 203 F.3d at 781. In *Bravo,* we held that constitutional challenges to a defendant's sentence are the sort of "extraneous" issues that are not cognizable under § 3582(c)(2) and must be pursued through a 28 U.S.C. § 2255 collateral attack. *Id.* at 782 (upholding a district court's finding that it had no jurisdiction in a § 3582(c)(2) proceeding to consider the defendant's constitutional claim that his sentence constituted cruel and unusual punishment). Thus, we find that a § 3582(c) motion is not the proper vehicle by which to challenge the constitutionality of a conviction or sentence. Accordingly, the district court did not err when it denied Howard's motion, and we affirm.

**AFFIRMED.**