[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 08, 2010
JOHN LEY
CLERK

No. 09-12270
Non-Argument Calendar

_____

D. C. Docket No. 00-01130-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO VICTORES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 8, 2010)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Roberto Victores, proceeding *pro se*,[1] appeals the denial of his motion to reduce his 180-month prison sentence imposed following his conviction for possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1). After a thorough review of the record and the parties' briefs, we affirm.

In April 2008, Victores filed a counseled motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). Victores alleged that he was eligible for a sentence reduction because of Amendment 706 to the United States Sentencing Guidelines, which reduced the advisory guideline range for most crack cocaine offenses. See generally United States v. Moore, 541 F.3d 1323, 1325–26 (11th Cir. 2008). The district court acknowledged that Victores's 180-month sentence was above the amended guideline range, but stated that it "would still impose a sentence of 180-months" because of "the statutory factors under 18 U.S.C. § 3553, and [Victores's] extensive criminal history." The court therefore denied Victores's motion, and he did not appeal.

In March 2009, Victores filed a second counseled motion to amend his sentence under § 3582(c)(2). Victores again relied on Amendment 706 to establish his eligibility for § 3582(c)(2) relief, and contended that his significant

---

[1] Accordingly, we will liberally construe Mr. Victores's pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

rehabilitative efforts warranted "revisit[ing]" the courts prior analysis of the 18 U.S.C. § 3553(a) factors. Despite lauding Victores's efforts, the district court again denied relief.

Under § 3582(c)(2), a district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a guideline range that the Sentencing Commission subsequently lowered. See 18 U.S.C. § 3582(c)(2). "We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. Jones, 548 F.3d 1366, 1368 (11th Cir. 2008), cert. denied, --- U.S. ----, 129 S. Ct. 1657 (2009). Moreover, "[w]e may affirm the district court's judgment on any ground that appears in the record, whether or not that ground was relied upon or even considered by the court below." Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007).

We need not recount the district court's reasoning, because under the law of the case doctrine the court properly denied Victores's second § 3582(c)(2) motion. Under this doctrine, courts are "bound by findings of fact and conclusions of law" previously made in the same case unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." United States v. Stinson, 97 F.3d

3

466, 469 (11th Cir. 1996).  Mr. Victores did not appeal the denial of his first

§ 3582(c)(2) motion, and accordingly it became the law of the case.  See United

States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997).  As a result, on

the record before us, his failure to appeal the first motion forecloses the relief he

now seeks.

For the foregoing reasons, the denial of Mr. Victores's second motion to

reduce his sentence is **AFFIRMED.**