[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11842
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 17, 2011
JOHN LEY
CLERK

D.C. Docket No. 3:08-cv-00428-MCR-MD

PATRICIA M. SKELLY,

Plaintiff-Appellant,

versus

OKALOOSA COUNTY BOARD OF COUNTY COMMISSIONERS,
NOLAN HAYNES,
DENNIS FIELDS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 17, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiff Patricia Skelly appeals the district court's order granting summary judgment to the defendants Nolan Haynes, Dennis Fields and the Okaloosa County Board of Commissioners on Skelly's 42 U.S.C. § 1983 claims of excessive force and state law claims of battery. After review, we vacate the district court's summary judgment order and remand for further proceedings consistent with this opinion.[1]

On March 27, 2005, Skelly was arrested by Valparaiso police officers, taken to the Valparaiso Police Department where she was charged with trespassing and resisting arrest, and then transported to the Okaloosa County Detention Center ("OCDC"). This action arises out of an altercation that occurred while correctional officers escorted Skelly into the OCDC's receiving vestibule. During the altercation, OCDC officers used their Taser guns on Skelly multiple times, resulting in Skelly being taken to the hospital.

Skelly's complaint asserted: (1) Fourteenth Amendment claims of excessive force against OCDC officers Haynes and Fields, who used their Taser guns on Skelly during the altercation; and (2) state law battery claims against Haynes and Fields and against the Okaloosa County Board of Commissioners based on

---

[1]We review <u>de novo</u> a district court's grant of summary judgment based on qualified immunity, viewing the evidence and making reasonable inferences in the light most favorable to the non-moving party. <u>Oliver v. Fiorino</u>, 586 F.3d 898, 901 (11th Cir. 2009).

Florida's doctrine of respondeat superior.

Undisputed evidence indicated that during her arrest and detention by the Valparaiso Police Department, Skelly at times was disoriented and combative. However, by the time Skelly arrived at the OCDC she was in handcuffs and compliant. At this point, the parties' versions of what transpired differ significantly. Skelly testified that the altercation was completely unprovoked and rendered her unconscious until she awoke at the hospital. The OCDC officers testified that Skelly was repeatedly non-compliant and combative, requiring them to use their Taser guns in the OCDC receiving vestibule and then again while they tried to transport Skelly to the hospital.

The district court granted the defendants' motions for summary judgment on all claims. As to the excessive force claims, the district court concluded that the record as a whole indicated that "Skelly was undergoing a psychotic episode of some sort on the day in question, leaving her with a dim and incomplete memory of the day's events," and thus Skelly's testimony was "wholly unreliable and not competent." Skelly v. Okaloosa Cnty., Fla. Bd of Cnty. Comm'rs, No. 3:08-CV-428, 2010 WL 1192515, at *9 (N.D. Fla. Mar. 22, 2010). Citing Scott v. Harris, 550 U.S. 372, 127 S. Ct. 1769 (2007), the district court stated that "even in the absence of a videotape of the incident . . . the undisputed, uncontradicted evidence

in the record clearly reveals that the plaintiff's version of events is so utterly discredited by the record that no reasonable jury could have believed her." Id. (quotation marks and brackets omitted). Crediting only the OCDC officers' version of events, the district court concluded that the force they used on Skelly did not violate the Fourteenth Amendment. The district court likewise concluded that the officers' conduct as described by them did not amount to battery under Florida law and granted summary judgment to the defendants on those claims as well.

The problem here is this is not a case like Scott, in which there was a videotape of a car chase flatly contradicting the plaintiff's version of events. See Scott, 550 U.S. at 378-81, 127 S. Ct. at 1775-76 (explaining that, because a videotape capturing the car chase "blatantly contradicted" the plaintiff's version of events, the district court should not have applied the general rule that at summary judgment the facts are viewed in the light most favorable to the non-moving party and instead should have viewed the facts as depicted in the videotape). While each side presented some circumstantial evidence to support their stories (such as Taser logs, police reports, photographs of injuries and testimony of a Taser expert), neither side presented the kind of definitive videotape evidence relied upon in Scott.

Given the record before us, this is also not a case in which the plaintiff's testimony is so fantastic or internally inconsistent that no reasonable jury could credit it. See United States v. Davis, 809 F.2d 1509, 1513 (11th Cir. 1987) (noting that where the testimony is "so fantastic, so internally inconsistent, or so speculative that it had no probative value," the district court may grant summary judgment). Instead, this is the classic case of the plaintiff swearing to one set of facts and the defendants swearing to another set of facts. Skelly's testimony that she did nothing to provoke the altercation and that she lost consciousness until she awoke in the hospital directly contradicts the OCDC officers' version of events. See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (explaining that while a district court is not required to draw implausible inferences from circumstantial evidence, it is required to accept as true direct evidence that creates a dispute of fact because "the only issue is one of credibility"). Skelly's testimony may not be particularly believable in light of all other summary judgment evidence, including some circumstantial evidence that Skelly was suffering from a mental disturbance that may have impaired her perception or memory of what occurred. However, we cannot say the alleged mental disturbance is so severe or so undisputed as to make Skelly's testimony so fantastic or inconsistent to discount it completely. Rather, given the record here, it

is up to the jury to determine whom to believe and what actually transpired.  See

Miller v. Harget, 458 F.3d 1251, 1255-56 (11th Cir. 2006) ("Even if the district

court believes that the evidence presented by one side is of doubtful veracity, it is

not proper to grant summary judgment on the basis of credibility choices.").  In the

absence of directly contradictory evidence like that in Scott, the district court was

required to credit Skelly's testimony of what happened.

For these reasons, we vacate the district court's summary judgment order

and remand for the district court to reconsider the defendants' summary judgment

motion crediting Skelly's testimony and using the proper standards under Federal

Rule of Civil Procedure 56(c).[2]

**VACATED AND REMANDED.**

---

[2]The parties dispute whether the district court should have analyzed Skelly's excessive force claims under the Fourth Amendment or the Fourteenth Amendment.  Because the complaint alleged only Fourteenth Amendment claims and was never amended, we have applied the Fourteenth Amendment here.