[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11969
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 3, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:08-cv-00428-MCR-MD

PATRICIA M. SKELLY,

Plaintiff-Appellee,

versus

OKALOOSA COUNTY BOARD OF
COUNTY COMMISSIONERS,

Defendant,

NOLAN HAYNES,
DENNIS FIELDS,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 3, 2012)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Defendants Nolan Haynes and Dennis Fields appeal the district court's denial of their motion for summary judgment based on a finding that they were not entitled to qualified immunity. After review, we affirm.[1]

## I. FACTUAL BACKGROUND

### A. First Appeal

Plaintiff Patricia M. Skelly filed this action against Defendants Haynes and Fields, correctional officers at the Okaloosa County Detention Center ("OCDC"), and the Okaloosa County Board of Commissioners, alleging claims of excessive force in violation of the Fourteenth Amendment and state law battery. Skelly's claims arise out of events that occurred while she was being escorted in handcuffs into the OCDC. Skelly alleges that Defendants Haynes and Fields attacked her and deployed their tasers without provocation.

The district court originally granted the Defendants' motion for summary judgment on all claims. Relying upon Scott v. Harris, 550 U.S. 372, 127 S. Ct.

---

[1]We review de novo a district court's denial of summary judgment based on qualified immunity. Tinker v. Beasley, 429 F.3d 1324, 1326 (11th Cir. 2005). In so doing, we apply the same standards as the district court, viewing all facts and drawing all reasonable inferences in the light most favorable to the non-moving party. Gish v. Thomas, 516 F.3d 952, 954 (11th Cir. 2008).

1769 (2007), the district court found that Skelly's version of events was so utterly discredited by other evidence in the record that no reasonable jury could believe her.

On appeal, this Court distinguished Scott, in which objective videotape evidence directly contradicted the plaintiff's testimony of events. Skelly v. Okaloosa Cnty. Bd. of Cnty. Comm'rs, 415 F. App'x 153, 155 (11th Cir. 2011). We noted that although Skelly's testimony may not be particularly believable in light of the other evidence, we could not say that her testimony was so fantastic or internally inconsistent that it could be discounted completely. Id. at 155. Accordingly, we vacated the summary judgment order and remanded with instructions "to reconsider the defendants' summary judgment motion crediting Skelly's testimony and using the proper standards under Federal Rule of Civil Procedure 56(c)." Id.

## B. District Court's Ruling on Remand

On remand, the district court complied with our instructions and credited Skelly's testimony for summary judgment purposes. According to the district court's summary judgment facts, Skelly was handcuffed and compliant when she entered OCDC's receiving vestibule. At that time, "the officers said nothing to her; no one said anything threatening; she said nothing to them; and she saw six to

3

eight people standing around." Nonetheless, as Skelly entered, "she was immediately knocked down from behind without provocation and repeatedly shocked by a Taser until she lost consciousness."

Once Skelly was unconsciousness, she did not wake up until she was in the hospital. Meanwhile, according to taser logs, Defendant Haynes deployed his taser eight to ten times and Defendant Fields deployed his taser seven or eight times as they tried to get Skelly into a transport vehicle to take her to the hospital. At the hospital, Skelly appeared to be having a psychotic episode and yelled and kicked such that hospital staff had to strap her down and medicate her. Photographs showed that Skelly had an abrasion near her right eye and burn marks on various parts of her body.

The district court found, viewing the evidence in the light most favorable to Skelly, that "there is evidence from which a reasonable juror could conclude that the defendant officers each repeatedly used the Taser on a handcuffed, compliant, non-resisting pre-trial detainee without provocation to the point where she became unconscious and continued to use the Taser on her while she was unconscious." The district court emphasized that the taser incidents "occurred in the controlled environment of the OCDC receiving vestibule and in a transport vehicle within the secure sally port of the OCDC." The district court concluded that because, under

4

Skelly's version of the facts, no amount of force was justified, Skelly had presented "evidence from which a jury could infer a malicious and sadistic intent to apply force for the very purpose of causing harm." Accordingly, the district court concluded that the Defendants were not entitled to qualified immunity as to the excessive force claim. Defendants Haynes and Fields filed this interlocutory appeal.[2]

## II. DISCUSSION

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees, like Skelly, from the use of force that "shocks the conscience," which is force that is applied "maliciously and sadistically for the very purpose of causing harm." Danley v. Allen, 540 F.3d 1298, 1306-07 (11th Cir. 2008), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009). Under the doctrine of qualified immunity, if the defendant establishes that he was acting within the scope of his discretionary authority when the alleged excessive force occurred, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity. See Skop v. City of Atlanta, 485 F.3d 1130, 1136-37 (11th Cir. 2007). To defeat qualified immunity, a plaintiff must show both that a

[2]Defendants interlocutory appeal does not challenge the district court's denial of summary judgment as to Skelly's state battery claim.

5

constitutional violation occurred and that the constitutional right violated was clearly established. Fennell v. Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009). In Eighth and Fourteenth Amendment excessive force cases, however, "the subjective element required to establish [the constitutional violation] is so extreme that every conceivable set of circumstances in which this constitutional violation occurs is clearly established to be a violation of the Constitution . . . ." Johnson v. Breeden, 280 F.3d 1308, 1321-22 (11th Cir. 2002); see also Danley, 540 F.3d at 1310.[3]

In Eighth and Fourteenth Amendment excessive force cases, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, ___ U.S. ___, 130 S. Ct. 1175, 1178 (2010) (quotation marks omitted).[4] In determining whether the force was applied maliciously and sadistically to cause harm, courts consider several factors, including: "a) the need for the application of force; b) the relationship between the need and the amount of force that was used;

---

[3]There is no merit to Defendants' argument, which relies on Fourth Amendment cases, that even if Skelly has shown a constitutional violation, they are still entitled to qualified immunity because the constitutional right was not clearly established. Skelly's claim is brought under the Fourteenth Amendment, not the Fourth Amendment.

[4]Because the applicable standard is the same for both Eighth and Fourteenth Amendment excessive force claims, courts apply Eighth Amendment caselaw to cases involving pretrial detainees. Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005).

6

c) the extent of the injury inflicted upon the prisoner; d) the extent of the threat to the safety of staff and inmates; and e) any efforts made to temper the severity of a forceful response." Fennell, 559 F.3d at 1217. We consider these factors "as reasonably perceived by" the correctional officer based on the facts known to him at the time and "give a wide range of deference to prison officials acting to preserve discipline and security." Id. (quotation marks omitted in second quotation). Nonetheless, deference to correctional officers is not absolute and does not insulate from review actions taken in bad faith or for no legitimate purpose. Ort v. White, 813 F.2d 318, 322 (11th Cir. 1987).

Here, under Skelly's version of the events and viewing the facts in the light most favorable to Skelly, we agree with the district court that a reasonable jury could conclude that Defendants Haynes and Fields applied the force maliciously and sadistically, rather than in a good-faith effort to restore or maintain order.[5] Under her version, when the force was applied, Skelly was handcuffed, compliant and in a secure area of the jail. Skelly had done nothing to cause a disturbance or indicate that she presented a threat to security or order. In fact, Skelly was knocked to the floor and tased the moment she entered the vestibule. After Skelly

---

[5]We note that the Defendants hotly dispute Skelly's version of events and that the summary judgment facts "may not turn out to be the actual facts if the case goes to trial." See Cottrell v. Caldwell, 85 F.3d 1480, 1486 (11th Cir. 1996).

7

was unconscious, Defendants Haynes and Fields continued to use their tasers up to sixteen times.

Furthermore, Skelly's injuries, while perhaps not serious, were not <u>de minimus</u>. As a result of this incident, Skelly hit her head, abraded her eye and lost consciousness. She suffered multiple burns on her body and had to be taken to the hospital.

Under Skelly's version of events, there was no need for the use of force, much less for the amount of force used. Such a gratuitous use of tasers on a handcuffed and compliant pretrial detainee constitutes a violation of the Fourteenth Amendment's prohibition on the use of excessive force. <u>See</u> <u>Wilkins</u>, 130 S. Ct. at 1178 (concluding that a gratuitous beating by prison guards, even without serious injuries, violated a prisoner's Eighth Amendment rights); <u>Skrtich v. Thornton</u>, 280 F.3d 1295, 1302 (11th Cir. 2002) (concluding that prison guards' beating of prisoner incapacitated by an electric shock and offering no resistance violated Eighth Amendment). Given that Skelly's evidence, if credited, established a Fourteenth Amendment violation, Defendants Haynes and Fields are not entitled to qualified immunity at the summary judgment stage. <u>See</u> <u>Fennell</u>, 559 F.3d at 1216-17; <u>Danley</u>, 540 F.3d at 1310.

Defendants argue that force was necessary in this case because Skelly was

violently combative.[6]  This argument views the evidence in the light most

favorable to the Defendants and ignores Skelly's testimony that she was compliant

and that Defendants used their tasers immediately and without provocation.  When

considering qualified immunity at summary judgment, we (and the district court

before us) are required to view the facts in the light most favorable to Skelly and

to draw all reasonable inferences from those facts in her favor.  See Skop, 485

F.3d at 1136.

Defendants argue that Skelly's testimony cannot support "reasonable

inferences" because her recollection of events is spotty and distorted by a

psychotic episode.  In the prior appeal, this Court already concluded that Skelly's

testimony is not so infirm and unreliable that it can be discredited as a matter of

law at the summary judgment stage.  As we said then, it is up to the jury to

evaluate whether Skelly's testimony is reliable and worthy of credence and

whether Skelly was compliant or combative when the force was used.  See United

States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996) (explaining that under the

doctrine of the law of the case, we are bound by findings of fact and conclusions

---

[6]Defendants also contend that Skelly's complaint admitted that she was combative.  Most of the allegations to which Defendants refer recount correctional officers' reports of what happened, not Skelly's own version of events.  Further, we find no merit to Defendants' argument that Skelly was bound by factual allegations in her unverified complaint to the extent they are inconsistent with her sworn statements submitted at summary judgment.

of law made in a prior appeal in the same case).

For these reasons, we affirm the district court's order denying Defendants Haynes and Fields's motion for summary judgment based on qualified immunity.

**AFFIRMED.**