United States Court of Appeals,

Eleventh Circuit.

No. 95-2407.

UNITED STATES of America, Plaintiff-Appellee,

v.

Terry Lynn STINSON, Defendant-Appellant.

Oct. 10, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 90-6-Cr-J-20), Harvey E. Schlesinger, District Judge.

Before COX, Circuit Judge, HILL, Senior Circuit Judge, and VINING[*], Senior District Judge.

PER CURIAM:

Terry Lynn Stinson appeals the sentence imposed at resentencing on five counts arising out of his robbery of a Florida bank. We affirm.

## I. Background

Terry Lynn Stinson was convicted on his plea of guilty on five counts arising out of his robbery of a Florida bank. Stinson was initially sentenced in July 1990. Based on the understanding that possession of a firearm by a convicted felon was a "crime of violence," the district court classified Stinson as a career offender under the Sentencing Guidelines. *See* United States Sentencing Commission, *Guidelines Manual* § 4B1.1 (Nov. 1989). The district court determined Stinson's guidelines range to be 292-365 months plus a consecutive term of 60 months on Stinson's conviction for use of a firearm during a crime of violence.

---

[*]Honorable Robert L. Vining, Jr., Senior U.S. District Judge for the Northern District of Georgia, sitting by designation.

Counsel for the Government asked the district court to depart upward two offense levels;  this departure would have resulted in a guidelines range of 360 months to life imprisonment.  The district court refused to depart upward, finding that the high end of the guidelines range would satisfy the Government's concerns. The district court also stated that had the high end of the sentencing range not been sufficient, in its judgment, to protect society, the court would have departed upward.  The district court sentenced Stinson to 365 months imprisonment plus a mandatory consecutive term of 60 months to be followed by five years supervised release.

Stinson appealed his sentence on the ground that possession of a firearm by a convicted felon was not a "crime of violence" that would subject him to career offender status under U.S.S.G. § 4B1.1. This court affirmed the sentence imposed by the district court. *United States v. Stinson,* 943 F.2d 1268 (11th Cir.1991) (*Stinson* I).  Following our decision in *Stinson I,* the Sentencing Commission amended its commentary to § 4B1.2 to indicate that the term "crime of violence" does not include possession of a firearm by a convicted felon.  U.S.S.G. § 4B1.2, commentary, n. 2 (Nov. 1991). We then denied Stinson's petition for rehearing, which was based on the subsequent commentary, *United States v. Stinson,* 957 F.2d 813 (11th Cir.1992) (*Stinson* II), and denied his petition for rehearing *en banc.*

The Supreme Court granted Stinson's petition for writ of certiorari and held that relevant guidelines commentary is authoritative and binding.  *Stinson v. United States,* 508 U.S. 36,

113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (*Stinson* III).  On remand, we held that the guidelines amendment applied retroactively to Stinson's sentence.  *United States v. Stinson,* 30 F.3d 121 (11th Cir.1994) (*Stinson* IV).  Consequently, we vacated Stinson's sentence and remanded to the district court for resentencing.  *Id.*

Stinson was resentenced in March 1995.  The district court granted the Government's motion to depart upward three offense levels.  This departure established a guidelines range of 292-365 months, an increase from the 210-262 base range.  The district court sentenced Stinson to 365 months plus a consecutive 60 month term to be followed by five years of supervised release—the same custody sentence Stinson received at his original sentencing. Stinson appeals his sentence.

## II. Issue on Appeal and Standard of Review

In this appeal, we must decide whether it was permissible for the district court to depart upward in Stinson's resentencing, following vacation of the original sentence, although the original sentencing court declined to depart upward.[1]

This court reviews the legality of a criminal sentence, including an order of restitution, *de novo.  United States v.*

---

[1]Stinson also contends that the district court erred in ordering the payment of restitution because there was no evidence, and the district court did not find, that Stinson was able to pay restitution.  Stinson waived this objection by failure to assert it at sentencing. *See United States v. Jones*, 899 F.2d 1097, 1103 (11th Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 275, 112 L.Ed.2d 230 (1990).  Stinson also challenges that aspect of the written judgment and commitment order that authroizes the Probation Office to set the amount of monthly restitution payments during supervised release.  This challenge is foreclosed by our decision in *United States v. Lombardo,* 35 F.3d 526, 528 n. 2 (11th Cir.1994).

*Cobbs,* 967 F.2d 1555, 1556 (11th Cir.1992).

### III. Contentions of the Parties

Stinson contends that the district court was barred from considering an upward departure at his resentencing. He asserts that, because the issue of upward departure was litigated at his original sentencing, the principle of the law of the case, the Double Jeopardy Clause, and the Due Process Clause prevent the resentencing court from revisiting that issue. Moreover, Stinson claims that the Government waived its ability to seek an upward departure at resentencing by not appealing the denial in the original sentencing.

The Government contends that, because the original sentence was vacated, the resentencing court was free to consider the issue of upward departure. The Government argues that the principle of law of the case, the Double Jeopardy Clause, and the Due Process Clause do not prevent this reconsideration. In addition, the Government maintains that it did not waive its right to seek an upward departure at resentencing.

### IV. Discussion

Whether the resentencing court was permitted to consider an upward departure turns on the effect of our order to vacate Stinson's original sentence. A criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent consistent with the Sentencing Guidelines. *See United States v. Jackson,* 923 F.2d 1494, 1499 n. 5 (11th Cir.1991). Under this holistic approach, when a criminal sentence is vacated, it becomes void in its entirety; the sentence—including any

enhancements—has "been wholly nullified and the slate wiped clean." *United States v. Cochran,* 883 F.2d 1012, 1017 (11th Cir.1989) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 721, 89 S.Ct. 2072, 2078, 23 L.Ed.2d 656 (1969)). Consequently, when a sentence is vacated and the case is remanded for resentencing, the district court is free to reconstruct the sentence utilizing any of the sentence components. *Id.* *See also United States v. Jackson,* 923 F.2d 1494 (11th Cir.1991); *United States v. Lail,* 814 F.2d 1529 (11th Cir.1987). If this were not the effect of our vacatur, we would have removed the illegal portion of the sentence and simply recalculated the sentence, instead of remanding to the district court for a time-consuming and expensive hearing.

The doctrine of the law of the case does not change this result. Under the law of the case doctrine, both the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice. *United States v. Robinson,* 690 F.2d 869 (11th Cir.1982). There is some question as to whether the law of the case doctrine applies to conclusions of the trial court. *See, e.g., United States v. Williams,* 728 F.2d 1402, 1406 (11th Cir.1984). However, because of the very nature of an order to vacate, we need not reach that issue here. Even if the district court's original sentence was, at the time, the law of the case,

that sentence was wiped away by the vacatur, and the district court was free to consider the issue of upward departure in Stinson's resentencing.

In addition, the Double Jeopardy Clause of the Fifth Amendment is not implicated in this case. When Stinson appealed his original sentence, he voluntarily requested that the sentence be nullified, thereby defeating any subsequent Double Jeopardy claim. *Cochran,* 883 F.2d at 1017 ("[A]ny expectation of finality in a sentence is wholly absent where, as here, the defendant requests that his prior sentences be nullified.... "[T]he Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice.' ") (citations omitted).

Stinson contends that the Government waived its right to seek an upward departure at resentencing by not appealing the denial of departure at the original sentencing. This contention is meritless for two reasons. First, consistent with our holistic approach to sentencing, once a criminal sentence is vacated, the sentence and any consequences that flow from that sentence are totally wiped away. *Cochran,* 883 F.2d at 1017. In addition, under 18 U.S.C. § 3742(b)(3), the Government is authorized to appeal only a downward departure from the guidelines range. Thus, the denial of the Government's upward departure motion was not an issue that the Government could have raised on appeal.

As an overarching concern, resentencing also may implicate the Due Process Clause of the Fifth Amendment. *Pearce,* 395 U.S. 711, 89 S.Ct. 2072. However, Due Process is implicated only if

"after the vacatur of a defendant's sentences, the district court imposes a harsher punishment." *Cochran,* 883 F.2d at 1017. Since the resentencing court imposed on Stinson a term of incarceration identical to his original term, Due Process is not implicated here.[2]

For the above reasons, we hold that the district court properly considered the issue of upward departure at Stinson's resentencing.

AFFIRMED.

---

[2]Stinson's counsel suggested at oral argument that the imposition of restitution made Stinson's present sentence harsher than his original sentence, thereby implicating the Due Process Clause. We need not reach this issue; Stinson abandoned that argument by not raising it in his brief. *Allstate Ins. Co. v. Swann,* 27 F.3d 1539, 1542 (11th Cir.1994) ("Issues that clearly are not designated in the initial brief ordinarily are considered abandoned.").