[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13068
Non-Argument Calendar

_____

D. C. Docket No. 93-00008-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVA GENE TATE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 21, 2009)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Alva Gene Tate, a federal prisoner convicted of a marijuana offense, appeals

pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction

of sentence. After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify an already incarcerated defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). Tate's § 3582(c)(2) motion is based on Amendment 516 to the Sentencing Guidelines, which reduced the base offense levels in U.S.S.G. § 2D1.1(c) applicable to offenses involving marijuana plants. See U.S.S.G. app. C, amend. 516 (2003).[2]

However, Tate already filed one § 3582(c)(2) motion based on Amendment 516 in 1996. The district court denied that motion because Tate's sentencing range was based on the career offender provision, U.S.S.G. § 4B1.1, not on U.S.S.G. § 2D1.1(c), and thus was not affected by Amendment 516. This Court affirmed on appeal. See United States v. Tate, No. 97-2603 (11th Cir. Dec. 31, 1997) (unpublished). This ruling became the law of the case and precludes Tate's second § 3582(c)(2) motion on the same ground. See United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996) ("Under the law of the case doctrine, both the district court and the court of appeals are bound by findings of fact and conclusions of law made by

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

[2]Under Amendment 516, the marijuana equivalency for a marijuana plant in an offense involving 50 or more marijuana plants changed from 1 kilogram to 100 grams, which had the effect of lowering offense levels for such offenses.

2

the court of appeals in a prior appeal of the same case . . . ."). In any event, our recent case law reconfirms that Tate's Amendment 516 claim is meritless for the reasons previously given by this Court and the district court. See United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (explaining that, where a defendant is sentenced as a career offender and his base offense level is set by U.S.S.G. § 4B1.1, an amendment that changes the base offense levels in the drug quantity tables of U.S.S.G. § 2D1.1(c), has no effect on the sentencing range and the defendant is not eligible for a § 3582(c)(2) reduction), cert. denied, 129 S. Ct. 965 (2009); see also U.S.S.G. § 1B1.10(a)(2)(B).

To the extent Tate argues that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), entitles him to a sentence reduction, Booker does not present us with an opportunity to circumvent the law of the case doctrine. See Stinson, 97 F.3d at 469 (outlining three exceptions to the law of the case doctrine, none of which apply to Tate's present § 3582(c)(2) motion). As the district court correctly concluded, Booker does not provide a basis for § 3582(c)(2) relief. See United States v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008), cert. denied, ___ S. Ct. ___, 2009 WL 469071 (U.S. Mar. 23, 2009) (No. 08-8865).

**AFFIRMED.**