[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11436
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 91-10021-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN GASPAR CORTINA,
a.k.a. Johnny,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 28, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Juan Gaspar Cortina, proceeding *pro se*, appeals the district court's denial of

his 18 U.S.C. § 3582(c)(2) motion for a reduction in sentence, based on Amendment 505 to the Sentencing Guidelines, which reduced the highest base offense level for all drug offenses to level 38.

On appeal, Cortina asserts that the district court's denial of his motion was based upon clearly erroneous factual findings, as its order stated that his offense involved "thousands" of kilograms of cocaine, whereas he was only found responsible at sentencing for 1,340 kilograms. Cortina also argues that the present motion was not barred by the law of the case doctrine, despite the fact that the district court had denied two previous § 3582(c)(2) motions in which he had sought a sentence reduction based on Amendment 505. This motion was not barred, he says, because it included new evidence concerning his post-sentencing rehabilitation activities.

"We review a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002). A district court's application of the law of the case doctrine is reviewed *de novo*. *Alphamed, Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280, 1285 (11th Cir. 2004).

Section 3582(c)(2) gives federal courts the authority to consider reducing the sentence "of a defendant who has been sentenced to a term of imprisonment based

on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 505 amended the drug quantity table in U.S.S.G. § 2D1.1 by reducing the highest offense level for all drug offenses to 38 and eliminating levels 40 and 42. U.S.S.G. App. C., Amend. 505. Following the enactment of Amendment 505, a defendant responsible for 150 kilograms or more of cocaine is subject to a base offense level of 38. *See id.* Amendment 505 was later made retroactive by Amendment 536. U.S.S.G. App. C., Amend. 536.

"Under the law of the case doctrine, both the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal in the same case." *United States v. Stinson,* 97 F.3d 466, 469 (11th Cir. 1996). When a litigant fails to appeal an issue decided by the district court, the law of the case doctrine precludes the litigant from raising that issue in a subsequent appeal. *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560-61 (11th Cir. 1997). The law of the case doctrine does not apply if: (1) new evidence is presented; (2) there is an intervening change in the law that dictates a different result; or (3) the prior decision is clearly erroneous and would result in manifest injustice. *Id.* at 1561.

Even assuming that Cortina's latest motion is not barred by the law of the

case, the district court still did not abuse its discretion in denying the motion. As the court pointed out, Cortina was responsible for far more than the 150 kilograms of cocaine that would now justify an offense level of 38; he was responsible for 1,340 kilograms, which is nearly nine times the topping out amount. That the district court said Cortina was responsible for thousands of kilograms does not change the core basis of its reasoning, which is that Cortina was responsible for so much more than the 150 kilogram amount requisite for offense level 38 that the court would not sentence him to less than the 340-month sentence he received even if the court was starting over from scratch and operating under the amended guidelines.

**AFFIRMED.**