[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11203
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 19, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 03-00493-CR-14-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO MORENO-GONZALEZ,
a.k.a. Beto,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 19, 2010)

Before DUBINA, Chief Judge, EDMONDSON and BIRCH, Circuit Judges.

PER CURIAM:

Appellant Roberto Moreno-Gonzalez appeals his 400-month sentence for

conspiracy to possess cocaine, methamphetamine, and marijuana with intent to distribute. Moreno-Gonzalez was convicted after a jury trial of (1) conspiracy to possess cocaine, methamphetamine, and marijuana with intent to distribute, (2) possession of a firearm in furtherance of a drug trafficking crime, and (3) conspiracy to commit money laundering. At his original sentencing, the district court imposed, among other things, a four-level sentencing enhancement based on Moreno-Gonzalez's leadership role in the offense and sentenced him to a below-guideline 420-month sentence of imprisonment on his drug conspiracy conviction. On appeal of his convictions, we described Moreno-Gonzalez as a leader of the drug conspiracy, and affirmed that conviction but vacated his gun and money laundering convictions and remanded for a new sentencing hearing solely on the drug conspiracy conviction. At the re-sentencing, Moreno-Gonzalez renewed his objection to a four-level enhancement for his leadership role, but the district court declined to revisit its prior ruling on the enhancement.

I.

In this appeal, Moreno-Gonzalez argues that the district court relied on unreliable evidence and denied him his confrontation rights when it applied a four-level enhancement for his leadership role. He asserts that no witness testified that Moreno-Gonzalez recruited or directed the other members of the conspiracy.

2

The government responds that Moreno-Gonzalez's argument is foreclosed by the law of the case doctrine because we previously rejected his challenge to the enhancement for his leadership role.

Moreno-Gonzalez replies that the law of the case doctrine does not apply because we vacated the money laundering conviction, on which the leadership enhancement relied. He asserts that the leadership enhancement, as recommended by the pre-sentence investigation report, relied on evidence of transactions, ledgers, and paperwork in Moreno-Gonzalez's possession, evidence which also was used to support the defunct money laundering conviction. Although reconsideration of the enhancement would normally be prohibited by the law of the case doctrine, Moreno-Gonzalez argues that his new sentence relies on conduct underlying his now-vacated convictions. Moreno-Gonzalez acknowledges that district courts are normally permitted to consider acquitted conduct, but argues that the evidence was legally insufficient for those counts, causing punishment based on them to violate double jeopardy.

The four-level enhancement for a defendant's role "as a leader or organizer under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." *United States v. Phillips*, 287 F.3d 1053, 1055 (11th Cir. 2002). "[W]hen a criminal sentence is vacated, it becomes void in its entirety; the sentence-including any

3

enhancements-has been wholly nullified and the slate wiped clean." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (internal quotation marks omitted).

> Under the law of the case doctrine, both the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.

*Id.*

Based on our determination in the first appeal that Moreno-Gonzalez was a leader in the drug conspiracy, we conclude that the district court did not clearly err by declining to revisit its prior decision regarding this four-level enhancement for Moreno-Gonzalez's leadership role.

## II.

Moreno-Gonzalez argues that he received a harsher sentence than previously imposed because the district court originally departed downward but refused to do so at the re-sentencing. Because the only new favorable information since his previous sentencing was his good adjustment to prison life, the district court must have improperly presumed that the guideline range was reasonable. Moreno-Gonzalez also argues that his sentence is vindictive under these circumstances.

4

Arguments that were not raised before the district court are reviewed for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). Plain error requires the defendant to show: (1) an error; (2) that is plain; (3) that affects substantial rights; and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted). Due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." *North Carolina v. Pearce*, 395 U.S. 711, 725, 89 S. Ct. 2072, 2080, 23 L. Ed. 2d 656 (1969).

When a defendant successfully challenges a conviction on appeal, the district court cannot impose a more severe sentence than the defendant previously received unless the reasons for imposing a more severe sentence appear in the record. *United States v. Monaco*, 702 F.2d 860, 883-85 (11th Cir. 1983) (noting there may be a realistic likelihood of vindictiveness at re-sentencing where a new sentence was harsher and the district court did not explain why). In determining whether a sentence is more severe after re-sentencing when a defendant was convicted of multiple counts, the portion of the original sentence attributable to overturned convictions is disregarded. *Id.* at 885. After the appellate court vacates a prior sentence, the defendant is not automatically entitled to the same downward

5

departure that the district court previously awarded. A presumption of vindictiveness could arise if the district court had sentenced him more harshly, but the presumption doesn't arise here because he did not receive a longer sentence and the district court's refusal to reapply the departure does not mean that the sentence is vindictive when the new sentence is lower. *See United States v. Grant*, 397 F.3d 1330, 1336-37 (11th Cir. 2005).

Furthermore, the district court did not originally depart downward but instead varied from the advisory guidelines. Thus, the district court did not act vindictively when it refused to depart downward at the re-sentencing. Moreover, the district court explained it's sentencing sufficiently to demonstrate that there was no vindictiveness in the sentence. Accordingly, we affirm Moreno-Gonzalez's sentence.

**AFFIRMED.**