[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16074
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20729-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL STEPHEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 13, 2012)

Before TJOFLAT, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

Daniel Stephen was convicted of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349. The district court calculated a total offense level of 38—which included a 2-level increase under United States Sentencing Guidelines § 2B1.1(b)(9)(C) (Nov. 2009) and a 2-level increase under § 3B1.3 because Stephen abused a position of trust—and a criminal history category of I. His offense carried a statutory maximum of 240 months imprisonment, see 18 U.S.C. § 1341, so the resulting guidelines range was 235–240 months imprisonment. The court sentenced Stephen to 240 months in prison.

Stephen appealed his sentence, and in an unpublished decision, we held that the district court did not clearly err in applying the sophisticated-means enhancement but that it had clearly erred in applying the abuse-of-trust enhancement. United States v. Stephen, 440 F. App'x 824, 828–30 (11th Cir. 2011) (unpublished). We vacated Stephen's sentence and remanded for resentencing. Id. at 830. At resentencing, the district court again applied the sophisticated-means enhancement, calculating a new total offense level of 36 and a new guidelines range of 188–235 months imprisonment. It sentenced Stephen to 188 months in prison. Stephen appeals, contending that the district court erred in applying of the sophisticated-means enhancement.

This case is controlled by the law of the case doctrine, which provides that

"the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case." United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996). There are three exceptions to the law of the case doctrine: (1) the evidence in the later sentence hearing is substantially different; (2) there is a change in controlling law; or (3) the earlier decision was "clearly erroneous and would work manifest injustice." Id. at 469. Stephen argues that the first exception applies here, but he presented no new evidence relating to the sophisticated-means enhancement when he was resentenced. The first exception to the law of the case doctrine, therefore, does not apply, which forecloses our review of the district court's application of that enhancement.

**AFFIRMED.**