[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10493
Non-Argument Calendar

_____

D.C. Docket No. 4:07-cr-10026-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORMANI HERNANDEZ GARI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 21, 2013)

Before CARNES, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Geormani Hernandez Gari appeals the substantive reasonableness of his 96-month sentence, 36 months above the five-year statutory minimum and recommended guidelines sentence, imposed following his latest resentencing on 33 counts of unlawfully smuggling aliens into the United States. See 8 U.S.C. § 1324(a)(2)(B)(iii). Gari contends that the district court's imposition of a substantial upward variance from the recommended guidelines sentence is not justified by the facts of his case, which he describes as a run-of-the-mill alien smuggling case with no significant aggravating factors.

## I.

The long and sinuous path leading up to this appeal — the third of its kind thus far — began on June 25, 2007, when Gari smuggled over thirty Cuban nationals by boat into Key Largo, Florida. Gari was indicted on 34 counts of illegally bringing aliens into the United States and, following a jury trial, was convicted on all counts. Although his sentencing guidelines range was initially calculated at 33 to 41 months imprisonment, it was automatically increased to 60 months to reflect the mandatory minimum sentence for his offenses. See 8 U.S.C. § 1324(a)(2)(B); United States Sentencing Guidelines § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guidelines sentence."). The district court imposed an upward variance sentence of

2

96 months imprisonment based on its assessment of the relevant factors listed in 18 U.S.C. § 3553(a), emphasizing that Gari had refused to stop his boat while being pursued by the United States Coast Guard and had lied to federal agents about harboring immigrants aboard the vessel.  It also noted that Gari's case was but one of seven on its docket that day involving alien smuggling, all of which diverted scarce resources from other Coast Guard operations and suggested an acute need to deter such conduct.

In the first of Gari's three appeals, we reversed a single count of conviction due to insufficient evidence, affirmed the remaining 33 counts, and remanded for resentencing in light of the vacated count.  United States v. Gari (Gari I), 572 F.3d 1352, 1359–60, 1366 (11th Cir. 2009).  The elimination of a single count of conviction had no impact on Gari's five-year statutory minimum and recommended guidelines sentence.  The district court again sentenced Gari to 96 months' imprisonment, noting that the nature and scope of his offense conduct remained virtually unchanged since his original sentencing hearing, as did the need to adequately deter similar criminal activity.  The court also found that Gari had engaged in inherently dangerous conduct when he crossed the Florida Straits at night in a 33-foot boat without running lights and overloaded with over 30 passengers.

3

In the second of Gari's direct appeals, we affirmed his 96-month sentence as both procedurally and substantively reasonable.  United States v. Gari (Gari II), 394 F. App'x 585, 589–90 (11th Cir. 2010).  We held that the district court had "properly considered and adequately explained its findings about the nature and circumstances of the offense, its seriousness, the need to promote respect for the law, and the need for the sentence imposed to afford adequate deterrence to criminal conduct."  Id. (quotation marks and citations omitted).  We further held that, under the totality of the circumstances, the district court did not abuse its discretion in imposing an upward variance sentence of 96 months' imprisonment, which was still 84 months below the 15-year statutory maximum.  Id. at 590.

Gari then filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming that his trial counsel rendered constitutionally ineffective assistance by failing to properly advise him about the relative benefits and risks of proceeding to trial in lieu of accepting the government's plea offer, which carried a recommended sentence of 60 months imprisonment.  The district court granted the § 2255 motion, finding that trial counsel had failed to advise Gari that he faced a possible 15-year maximum sentence and had affirmatively misadvised Gari that he would receive no more than 6 years if convicted at trial.  The court therefore vacated Gari's sentence and ordered yet another sentencing hearing.

At his second resentencing hearing, Gari and the government jointly recommended a sentence of time served, which would equal a sentence of roughly 65 months given the amount of time Gari had already been incarcerated. The district court, after noting that it would not have been bound by the proposed plea offer's recommendation of a 60-month sentence and that counsel's deficient performance had no bearing on the appropriate sentence, once again sentenced Gari to 96 months imprisonment on the surviving 33 counts of alien smuggling. The court again concluded that a sentence above the mandatory minimum was warranted by the seriousness of Gari's offense conduct, including his failure to comply with the Coast Guard's instructions to stop his boat, his subsequent lies to law enforcement officials that he had no aliens aboard the boat, and the safety hazard created by piling over 30 passengers onto a 33-foot vessel. Given these "aggravating circumstances," which were unaffected by trial counsel's performance, the court saw no reason to depart from its earlier sentencing decision.

## II.

Gari now challenges the substantive reasonableness of his 96-month sentence, contending that there were no significant aggravating factors warranting an upward variance from the recommended guidelines sentence and that the district court's stated justifications were inadequate to support such a variance. He additionally notes that had he received adequate advice from trial counsel,

5

accepted the government's plea offer, and thereby received a three-level guidelines reduction for acceptance of responsibility, his advisory guidelines range would have been 24 to 30 months imprisonment, making a 96-month sentence clearly unreasonable.

We typically review the substantive reasonableness of a sentence, whether within or without the advisory guidelines range, for an abuse of discretion in light of the totality of the circumstances and with specific reference to the § 3553(a) sentencing factors.  See United States v. Irey, 612 F.3d 1160, 1188–90 (11th Cir. 2010) (en banc).  Those factors include:  (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendants; (3) the need to reflect the seriousness of the offense, to promote respect for the law, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; and (4) the applicable guidelines sentence.  18 U.S.C. § 3553(a).  A variance from the applicable guidelines sentence must be supported by a "sufficiently compelling" justification, though we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  Gall v. United States, 552 U.S. 38, 50–51, 128 S.Ct. 586, 597 (2007).  We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that

lies outside the range of reasonable sentences dictated by the facts of the case."

Irey, 612 F.3d at 1190 (quotation marks omitted).

Nevertheless, because our prior decision in Gari II upheld the substantive reasonableness of an identical 96-month sentence for the same 33 counts of alien smuggling, we may not revisit that issue under the law of the case doctrine unless one of three exceptions applies: (1) a subsequent proceeding has produced substantially different evidence; (2) there has been an intervening change in the controlling law; or (3) the prior appellate decision is clearly erroneous and would work manifest injustice. See United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996). But there are no material differences bearing on the reasonableness of Gari's sentence, whether legal or factual, between his first resentencing, which culminated in our decision in Gari II, and the second resentencing underlying this appeal.

The district court's intervening determination that defense counsel provided ineffective assistance with regard to Gari's decision to reject the government's plea offer and proceed to trial in no way impacts the substantive reasonableness of his sentence under the relevant § 3553(a) factors. See 18 U.S.C. § 3553(a). Contrary to Gari's current suggestion, had he received competent advice from counsel, accepted the government's plea offer, and received a guidelines reduction for acceptance of responsibility, his advisory guidelines sentence — one of the §

3553(a) factors — would have remained unchanged given the applicable five-year mandatory minimum sentence.  See U.S.S.G. § 5G1.1(b).  And while the government effectively recommended a sentence of 65 months imprisonment at Gari's latest resentencing hearing, which it did not do at the earlier hearing, the government's recommendation also did not factor into any of the relevant § 3553(a) considerations.  As Gari himself acknowledged at his second resentencing hearing, "there is nothing today that changes from the time sentence was decided" at his first resentencing.  The law of the case doctrine thus precludes us from reconsidering the substantive reasonableness of Gari's 96-month sentence.

Even setting aside the law of the case doctrine, we cannot say that the district court abused its discretion and committed a clear error in judgment in determining that an upward variance of 36 months from the advisory guidelines sentence was justified by the particular facts of Gari's case and a number of the § 3553(a) factors, including the nature and scope of his alien smuggling offense, the circumstances surrounding that offense, and the need to promote respect for the law and adequately deter similar criminal conduct by Gari and others.  For these reasons, we affirm Gari's sentence.

**AFFIRMED.**