[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13868
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-20714-CMA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RENE GONZALEZ PEREZ,
a.k.a. Pipo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 2, 2014)

Before HULL, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

After a jury trial, Rene Gonzalez Perez appeals his total 126-month sentence for conspiring to commit robbery of a check cashing store and of a drug-trafficker's stash house (Counts 1 and 5) and for attempted robbery of that stash house (Count 6), all in violation of 18 U.S.C. § 1951(a), and for carrying a firearm during and in relation to, and possessing the firearm in furtherance of, a crime of violence, namely the planned and attempted robbery of the stash house (Count 7), in violation of 18 U.S.C. § 924(c)(1)(A).

This is Perez's third appeal of his sentence. In each of Perez's two prior appeals, this Court vacated Perez's sentence and remanded for resentencing. We remanded the first time because the district court had failed to afford Perez an opportunity to allocute before imposing a 140-month sentence. See United States v. Perez, 661 F.3d 568, 582-86 (11th Cir. 2011). We remanded the second time because the district court improperly applied a three-level dangerous-weapon guidelines enhancement before imposing a 131-month sentence. See United States v. Perez, 519 F. App'x 525, 527-29 (11th Cir. 2013).

In this third appeal, Perez contends that the district court: (1) violated his due process rights by relying on unreliable information that the prosecutor vindictively presented (at the third sentencing hearing) in retaliation for Perez successfully pursuing the two prior appeals of his sentence; and (2) erred as a matter of law when it refused to consider Perez's post-sentencing rehabilitation as

a mitigating sentencing factor.  After review, we affirm Perez's 126-month sentence.

The district court did not violate Perez's due process rights by imposing a 126-month sentence.  Notably, Perez does not contend that the district court acted vindictively; indeed Perez affirmatively disclaimed such an argument in the district court.  Instead, Perez contends that the prosecutor's arguments for a higher sentence were vindictive.  Perez, however, cites no authority suggesting that a prosecutor's vindictive motivation for making sentencing arguments, by itself, invalidates the district court's otherwise proper sentence.

In any event, to the extent Perez argues that the district court's sentence was vindictive, Perez received a lower sentence at his third sentencing hearing (126 months) than he received at his previous two sentencing hearings (140 months and 131 months).[1]  Because the district court imposed a lighter sentence, Perez's due process claim fails.  See United States v. Stinson, 97 F.3d 466, 468-70 (11th Cir. 1996) (explaining that for purposes of a claim of vindictive resentencing, "Due

---

[1]Specifically, at his first sentencing, Perez received concurrent 80-month sentences for the three robbery offenses, 9 months above the advisory guidelines of 57 to 71 months, plus a mandatory, consecutive 60-month sentence for the firearm offense, for a total of 140 months.  At his second sentencing, Perez received concurrent 71-month sentences for the robbery offenses, the top of the same advisory guidelines range of 57 to 71 months, plus the 60-month consecutive sentence for the firearm offense, for a total of 131 months.  At his third sentencing, the district court recalculated Perez's advisory guidelines range (without a three-level dangerous weapon guidelines enhancement) as 46 to 57 months.  This time, Perez received concurrent 66-month sentences for the robbery offenses, 9 months above the new advisory guidelines range, plus the 60-month consecutive sentence for the firearm offense, for a total of 126 months.

3

Process is implicated only if after the vacatur of a defendant's sentences, the district court imposes a harsher punishment," and rejecting a due process claim because the resentencing court imposed the same sentence (quotation marks omitted)).

To the extent Perez contends that the district court based his sentence on unreliable information, Perez has not met his burden to show that the court "explicitly relied" on the allegedly unreliable information. See United States v. Ghertler, 605 F.3d 1256, 1269 (11th Cir. 2010) (explaining that to show his due process rights were violated, the defendant bears the burden to show that the sentencing court "explicitly relied" on unreliable or false information) (quotation marks omitted). During the third sentencing hearing, the prosecutor argued that one reason the district court should reimpose a 131-month sentence was Perez's dangerousness. The prosecutor pointed out that Perez was recorded bragging about his involvement in other robberies and that Perez was a member of a dangerous group. The prosecutor further contended that Perez's bragging was not merely bluster because one of the people Perez recruited to commit the charged stash-house robbery brought a stolen firearm that was used in a home invasion in which a person was beaten, cut with a knife, waterboarded, and electrocuted. The prosecutor acknowledged, however, that Perez was not charged with that home

4

invasion robbery and could not be included or excluded based on DNA found on masks recovered at the scene of that home invasion.

Even assuming arguendo that the prosecutor's discussion of the uncharged home invasion constituted unreliable or false information, the district court did not mention that information in explaining its reasons for imposing Perez's 126-month sentence.  The district court stressed Perez's "dangerous propensities that [he] showed in his communications and in his actions."  However, this reference was not to the uncharged home invasion, but rather to Perez's own conduct in the charged offenses, which included: (1) presenting himself to his co-conspirators as an experienced criminal who had successfully committed other robberies using guns and tying people up; (2) taking an active role in planning the robberies, including when and how to use force; (3) agreeing to be one of the conspirators who would use force during the robberies; and (4) recruiting others to help him obtain weapons, such as pepper spray, knives, and guns, and to use force with him. Under the circumstances, Perez has not shown any reliance, much less an explicit reliance, on the prosecutor's statements about the uncharged home invasion.

Finally, there is no merit to Perez's claim that the district court believed it was barred from considering Perez's post-sentencing rehabilitation.  In Pepper v. United States, the Supreme Court held that a district court, at a resentencing hearing, "may consider evidence of a defendant's rehabilitation since his prior

5

sentencing," but is not required to reduce the defendant's sentence upon a showing of post-sentencing rehabilitation.  562 U.S. ___, 131 S. Ct. 1229, 1241, 1249 n.17 (2011).

Here, the district court's comments as a whole indicate that the court believed it was inappropriate, rather than unauthorized, to impose a sentence within the guidelines range based on Perez's post-sentence rehabilitation.  The district court made clear that it did not consider Perez's post-sentence rehabilitation to be a compelling reason to impose a lower sentence in light of other 18 U.S.C. § 3553(a) factors, including the need to avoid sentencing disparities, promote respect for the law, and reflect the seriousness of Perez's conduct.  The district court was particularly concerned that a guidelines sentence for Perez would create a sentencing disparity with his less culpable co-defendant, Roberto Davila.  Davila was recruited by Perez and was involved in only one of the two planned robberies, but received a 120-month sentence.  The district court stressed that the robberies were planned in Perez's home and that Perez played an active role in the scheme and recruited others.  In sum, the district court properly understood its authority and, as permitted by Pepper, chose to give Perez's rehabilitative conduct less weight than other factors in resentencing him.

**AFFIRMED.**

6