**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antouin L. BARKER, Defendant–Appellant.**

**No. 14–12317
Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 7, 2016.

Cherie Krigsman, Arthur Lee Bentley, III, Mark E. Bini, James A. Muench, U.S. Attorney's Office, Tampa, FL, for Plaintiff-Appellee.

Howard C. Anderson, Mary A. Mills, Federal Public Defender's Office, Tampa, FL, Tracy N. Dacruz, Rosemary Cakmis, Donna Lee Elm, Federal Public Defender's Office, Orlando, FL, for Defendant-Appellant.

Before MARCUS, ROSENBAUM and JULIE CARNES, Circuit Judges.

PER CURIAM:

Antouin L. Barker appeals his conviction and sentence as a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). On appeal, he argues that: (1) the district court erred by denying his motion to suppress, since the police impermissibly exceeded the scope of the traffic stop; and (2) the district court erred by sentencing him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because his previous convictions for third-degree burglary are not violent felonies within the meaning of the ACCA. After careful review, we affirm in part, vacate in part, and remand for resentencing.

When reviewing a district court's denial of a motion to suppress, we review its factual findings for clear error and its application of the law to those facts *de novo*. *United States v. Ransfer*, 749 F.3d 914, 921 (11th Cir.), *cert. denied*, — U.S. —, 135 S.Ct. 392, 190 L.Ed.2d 276 (2014). We construe the facts in the light most favorable to the party prevailing in the district court—here, the government. *Id.* We usually review *de novo* the constitutionality of a statute, but arguments raised for the first time on appeal are reviewed for plain error. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir.2010). To show plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir.2007). If the defendant satisfies the three conditions, we may exercise our discretion to recognize the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* We review *de novo* whether a particular conviction qualifies as a violent felony under the ACCA. *United States v. Kirk*, 767 F.3d 1136, 1138 (11th Cir.2014) (per curiam), *vacated on other grounds*, —

U.S. ——, 135 S.Ct. 2941, 192 L.Ed.2d 962 (2015). An error may become plain as the result of an intervening decision of this Court or the Supreme Court that is squarely on point. *United States v. Pielago*, 135 F.3d 703, 711 (11th Cir.1998).

■ First, we are unpersuaded by Barker's claim that the district court erred by denying his motion to suppress. Once the police have made a lawful stop, an officer's inquiries into matters unrelated to the justification of the stop do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop. *Arizona v. Johnson*, 555 U.S. 323, 333, 129 S.Ct. 781, 172 L.Ed.2d 694 (2009); *United States v. Griffin*, 696 F.3d 1354, 1361–62 (11th Cir.2012). "This is because such questions, absent a prolonged detention, do not constitute a 'discrete Fourth Amendment event.'" *Griffin*, 696 F.3d at 1362 (quoting *Muehler v. Mena*, 544 U.S. 93, 101, 125 S.Ct. 1465, 161 L.Ed.2d 299 (2005)). There is, of course, no bright-line rule for when a stop has been prolonged. *Id.* Instead, we assess the length of the stop as a whole, including any extension of the encounter, by undertaking a fact-bound, context-dependent analysis of all the circumstances concerning the stop and the unrelated questions. *Id.*

Here, Deputy Jennifer Wells—one of two deputies who stopped Barker—testified that she only stood with Barker for "a very short time," and the time from the beginning of the traffic stop to the pat-down was "[j]ust a couple of minutes." Likewise, the other deputy, Brian Jackson testified that the entire incident only lasted three or four minutes. Deputy Jackson asked Barker only two questions—whether he had any weapons on him and whether he would consent to a search—and Barker responded with either a one- or two-word answer. On this record, Jackson's unrelat-ed questions did not measurably prolong the detention, and the district court did not err in denying the motion to suppress. *See id.* at 1361–62.

We find merit, however, in Barker's claim that the district court erred by sentencing him under the ACCA. The ACCA mandates a minimum 15-year sentence of imprisonment for a defendant who has three previous convictions for "a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). A "violent felony" is any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "elements clause"), or is a "burglary, arson, [ ] extortion, [or] involves use of explosives" (the "enumerated offense clause"). 18 U.S.C. § 924(e)(2)(B)(i)—(ii). The statute also includes a "residual clause" that makes any felony beyond those enumerated a violent felony if it "involve[s] conduct that presents a serious potential risk of physical injury to another." *Kirk*, 767 F.3d at 1139 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). However, in 2015, the Supreme Court invalidated the residual clause as unconstitutionally vague in *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 2556–57, 2563, 192 L.Ed.2d 569 (2015).

■ In this case, Barker's presentence investigation report ("PSI") advised that Barker had committed *four* previous violent felonies (one more than the three necessary for application of the ACCA)—one for delivery of cocaine, one for aggravated battery, and two for burglary of a structure. Barker objected to whether his two convictions for burglary of a structure constituted "violent felonies" for purposes of the ACCA's residual clause and enumerated offense clause. The district court determined, however, that Barker's burglary convictions were predicate offenses under the residual clause, and sentenced him un-

der the ACCA. Although the low end of the guidelines' range was 235 months' imprisonment, the district court varied downward to impose a prison term of 188 months.

While Barker's appeal was pending, the Supreme Court decided in *Johnson* that the residual clause was unconstitutional. In light of *Johnson*, we conclude that the district court erred in sentencing Barker based on his previous burglary convictions under the now-invalid residual clause of the ACCA and remand for resentencing.[1] In supplemental briefing following *Johnson*, the government has argued (as it did before the district court and in its original brief to this Court) that Barker's burglary convictions are predicate offenses under the ACCA's enumerated offense clause.

We leave it to the district court in the first instance to determine on remand whether a sentencing enhancement may be sustained in these circumstances under the enumerated clause of the ACCA. He must be resentenced without reference to the residual clause. "[W]hen a criminal sentence is vacated, it becomes void in its entirety; the sentence—including any enhancements—has been wholly nullified and the slate wiped clean." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir.1996) (quotation omitted). "Consequently, when a sentence is vacated and the case is remanded for resentencing, the district court is free to reconstruct the sentence utilizing any of the sentence components." *Id.*

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

1. Although Barker did not object to the constitutionality of the residual clause in district court, the intervening decision of *Johnson* establishes that the district court plainly erred by sentencing him based on the residual clause. *See Pielago*, 135 F.3d at 711 ("[A]n intervening decision of this Court or the Supreme Court squarely on point may make an error plain."). Moreover, we apply the law as it exists at the time of appellate consideration. *United States v. Thompson*, 422 F.3d 1285, 1301 (11th Cir.2005).