[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15157
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00053-CAR-CHW-2


UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

versus

MATHEW SHAVER,
a.k.a. Sandy,

                                                          Defendant-Appellant.
_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 26, 2020)

Before JILL PRYOR, LUCK and MARCUS, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is GRANTED. As the record reveals, Shaver knowingly and voluntarily waived his right to appeal his sentence. See United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993) (sentence appeal waiver will be enforced if it was made knowingly and voluntarily). At the plea colloquy, the district court specifically questioned Shaver about the sentence appeal waiver and confirmed that Shaver understood that once he pled guilty he could not appeal the sentence the court imposed on him except for very limited reasons. Shaver added that he had received a copy of the plea agreement, had discussed the agreement with his counsel, and understood the agreement's terms, and confirmed that he freely and voluntarily waived his right to appeal his sentence except under limited circumstances. See id.; see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001) (appeal waiver will be enforced where the waiver provision was discussed during the plea colloquy and defendant agreed that she understood the provision and entered into it freely and voluntarily); United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005) (appeal waiver will be enforced where magistrate judge specifically questioned defendant about the appeal waiver during the plea colloquy, explained its significance, and confirmed that defendant understood); United States v. Boyd, ___ F.3d ___, No. 18-11063, 2020 WL 5542482 (11th Cir. Sept. 16, 2020) (appeal waiver will be enforced where the district court did not question the defendant about

2

every possible exception to the waiver but explained that he would not be able to appeal his sentence if he was sentenced within the guideline range, it would calculate the guideline range, and his sentence could be outside that range and different from other estimates he may have received).  On this record, Shaver agreed to the sentence appeal waiver knowingly and voluntarily, and as a result, it is enforceable unless an exception applies. See Bushert, 997 F.2d at 1350-51.

The exceptions to Shaver's appeal waiver do not apply.  For starters, Shaver has not been released from the appeal waiver, because the government has not appealed his sentence.  Further, Shaver's 168-month sentence did not exceed the statutory maximum of life imprisonment or the advisory guideline range of 168 to 210 months' imprisonment that the court established at sentencing.  In addition, when Shaver waived his right to appeal his "sentence," he also waived his right to appeal any term of supervised release or its conditions, because they are part of the "package of sanctions" of which a criminal sentence is comprised. See United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996); 18 U.S.C. §§ 3583(a), 3742(a)(3). Finally, it's worth noting that after the government filed its motion to dismiss Shaver's appeal based on the appeal waiver, Shaver filed a waiver of his response, declining to dispute any of the arguments made by the government concerning the appeal waiver.

Accordingly, we grant the government's motion to dismiss Shaver's appeal because it is barred by the appeal waiver.

**DISMISSED**.