[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13878
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00251-TWT-AJB-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISRAEL SALGADO,
a.k.a. Paisa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 18, 2015)

Before ED CARNES, Chief Judge, MARCUS, and WILLIAM PRYOR, Circuit
Judges.

PER CURIAM:

Israel Salgado appeals his 136-month sentence, imposed at the middle of the advisory guidelines range on resentencing, for conspiracy to possess with the intent to distribute heroin and money laundering. He contends that his sentence is substantively unreasonable.

I.

A jury found Salgado guilty of two counts of conspiracy to possess with the intent to distribute one or more kilograms of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i) and 846, and one count of money laundering, in violation of 18 U.S.C. § 1956(h). The district court initially sentenced Salgado to 188 months imprisonment, and Salgado appealed, correctly contending that there was a procedural error in the calculation of his advisory guidelines range. We vacated Salgado's sentence and remanded the case for resentencing, directing the district court to recalculate the guidelines range consistent with our opinion. United States v. Salgado, 745 F.3d 1135, 1140 (11th Cir. 2014). We further stated that our opinion was "not mean[t] to imply that the district court, in its sound judgment, may not vary upward or downward from the [recalculated] guidelines range." Id.

On remand, a new presentence investigation report calculated a base offense level of 32, a total offense level of 34, and a criminal history category of I. The resulting guidelines range was 151 to 188 months. For the drug convictions, there was a statutory minimum of 120 months imprisonment and a statutory maximum

2

of life imprisonment.  Salgado objected to the PSR and requested, in relevant part, that his base offense level be reduced from 32 to 30 in light of the Sentencing Commission's recent changes to the drug guidelines.

At resentencing, the government agreed to the reduction in Salgado's base offense level and the district court recalculated the advisory guidelines range to be 121 to 151 months.  Salgado requested a one month downward variance from the low end of the guideline, arguing that he had shown rehabilitation both before and after the original sentence was imposed.

The district court sentenced Salgado to a total sentence of 136 months, explaining as follows:

> I'm sentencing [Salgado] in the middle of the guideline[s] range because I think such a sentence is a fair and reasonable one that takes into consideration the applicable sentencing factors set forth in [18 U.S.C. § 3553(a)], specifically the nature and circumstances of the offense, the history and characteristics of [Salgado], the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to afford adequate deterrence and the need to avoid unwarranted sentencing disparities.
>
> . . . .
>
> Although I sentenced [Salgado] at the low end of the guideline[s] range originally, that was based upon a guideline[s] range of 188 to 235 months.  It was my judgment then that a sentence of more than 188 months was unnecessary to achieve the sentencing goals of [§ 3553(a)]. . . .
>
> . . . Based upon [the Sentencing Commission's] prospective amendment [that reduces the base offense level by 2], I think the guideline[s] range in this case of now 121 to 151 months more

3

appropriately reflects the seriousness of the offense and that a sentence, therefore, in the middle of the guideline[s] range is an appropriate one considering all of the facts and circumstances of the case and the sentencing factors set forth in [§ 3553(a)].

Salgado objected to the sentence on the ground that it was substantively unreasonable, and the district court overruled his objection.

This is his appeal.

## II.

Salgado argues that his sentence is substantively unreasonable because the district court did not explicitly consider his rehabilitation efforts and did not give adequate reasons for resentencing him at the middle of the new guidelines range, given that it had initially sentenced him at the low end of the guidelines range.[1]

We review the reasonableness of a sentence for an abuse of discretion. Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We will not vacate a sentence as substantively unreasonable unless we are left with the definite and firm conviction that the district court clearly erred in weighing the § 3553(a) factors and imposed a sentence outside the range of reasonable sentences dictated by the facts of the case. United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

Salgado's sentence of 136 months is substantively reasonable. The district court was not required to engage in a lengthy discussion of each of the § 3553(a)

---

[1] In his opening brief to this Court, Salgado did not specify whether his claim of unreasonableness turned on substance or procedure. His reply brief stated, however, that he was "[n]ot raising an [i]ndependent [c]laim of [p]rocedural [u]nreasonableness." In any event, we have reviewed the record and find no procedural error.

4

factors.  United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  While it is true that a court at resentencing should consider proffered evidence of post-sentencing rehabilitation, see Pepper v. United States, 562 U.S. 476, __, 131 S. Ct. 1229, 1241 (2011), the court was not required, as Salgado suggests, to specify the weight it gave to that evidence.  See Scott, 426 F.3d at 1329.  The court's statement that "[a sentence in] the middle of the guideline[s] range is an appropriate one considering all of the facts and circumstances of the case and the sentencing factors set forth in [§ 3553(a)]" was adequate.

Salgado also argues, by analogy to the law of the case doctrine, that because the district court sentenced him at the low end of the advisory guidelines range at his initial sentencing, it should have done the same at resentencing.[2]  We reject that argument.  The district court was free to do exactly what it did, which was to reevaluate what constituted an appropriate sentence in light of the new, lower guidelines range and the § 3553(a) factors.  The court's conclusion that the lower guidelines range "more appropriately reflect[ed] the seriousness of the offense and that a sentence, therefore, in the middle of the guideline[s] range [was] an appropriate one" was not in any way inconsistent with its earlier conclusion that the (miscalculated) higher guidelines range did not appropriately reflect the

---

[2] To the extent that Salgado implies that the law of the case doctrine actually applies to his case, he is wrong.  We vacated Salgado's sentence in Salgado, 745 F.3d at 1140, which rendered it "void in its entirety."  United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996).  Therefore, the law of the case doctrine did not restrict the range of sentencing issues that the district court could consider on remand.  See id.

seriousness of the offense and therefore a sentence at the low end of that guidelines range was appropriate.

Finally, we note that Salgado's sentence is within the advisory guidelines range and well below the statutory maximum of life imprisonment, both of which are indicators of reasonableness. See United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) ("[W]e ordinarily expect a sentence within the [g]uidelines range to be reasonable.") (internal quotation marks and alterations omitted); see also United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that a sentence was reasonable in part because it was well below the statutory maximum).

In sum, Salgado has failed to meet his burden of showing that a 136-month sentence is unreasonable in light of the § 3553(a) factors and the facts of his case. See Irey, 612 F.3d at 1190 n.16.

**AFFIRMED**.