[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11537
_____

D.C. Docket No. 1:12-cr-00223-WS-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY CHRISTIAN NELSON,

Defendant-Appellant.

_____

No. 13-15012
_____

D.C. Docket No. 1:13-cr-00102-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TED MCCALL SNOW,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama
_____

(December 30, 2015)

Before MARTIN, JULIE CARNES and BLACK, Circuit Judges.

MARTIN, Circuit Judge:

Jeremy Christian Nelson and Ted McCall Snow appeal sentences imposed

under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), after they each

pleaded guilty to being a felon in possession of a firearm, id. § 922(g)(1).  In

general, that crime carries a maximum sentence of 10-years imprisonment.

§ 924(a)(2).  But if a defendant has at least three prior "serious drug offense" or

"violent felony" convictions, he instead faces a minimum of 15-years

imprisonment under the ACCA.  § 924(e)(1).

Defendants were sentenced under the ACCA after their sentencing courts

concluded they each had at least three prior violent felony convictions.[1]  Both

Defendants have prior convictions for third-degree burglary under Alabama law,

_____

[1] Mr. Nelson received the 15-year minimum, and Mr. Snow received 15 years and 8
months.

2

Ala. Code § 13A-7-7(a).  They argued at sentencing, as they do on appeal, that these convictions are not violent felonies under the ACCA.  Together, our decision in United States v. Howard, 742 F.3d 1334 (11th Cir. 2014), and the United States Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), compel the conclusion that Defendants are correct.[2]

A "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that meets one (or more) of three definitions:

1. It "has as an element the use, attempted use, or threatened use of physical force against the person of another."  § 924(e)(2)(B)(i) [elements-based definition].

2. It "is burglary, arson, or extortion, or involves use of explosives." § 924(e)(2)(B)(ii) [enumerated-offenses definition].

3. It "otherwise involves conduct that presents a serious potential risk of physical injury to another."  Id. [residual clause].

Defendants' third-degree burglary convictions do not qualify under any of the three definitions.

First, Defendants' third-degree burglary convictions do not qualify under the elements-based definition.   The Alabama statute of conviction criminalizes "knowingly enter[ing] or remain[ing] unlawfully in a building with intent to commit a crime therein."  § 13A-7-7(a).  The definitions of terms used in that statute are found in § 13A-7-1 (1983).  Based on these definitions, read together

---

[2] The government first contended that these appeals are barred by appeal waivers in the Defendants' plea agreements, but it no longer makes this argument.

3

with § 13A-7-7(a), the crime  does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i).  Second, we have already held that convictions under the same Alabama statute do not qualify under the enumerated-offenses definition.  See Howard, 742 F.3d at 1342, 1349.

Third and finally, in Johnson the Supreme Court declared the residual clause of the ACCA to be unconstitutionally vague.  135 S. Ct. at 2557.  The Court wrote: "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  Id. at 2563. Without the residual clause of the ACCA, there is no longer any basis for characterizing the Alabama third degree burglary statute as a violent felony under the ACCA.

We therefore vacate Defendants' sentences and remand for resentencing.[3]

**VACATED and REMANDED.**

---

[3] Mr. Nelson also argues that the District Court erred in calculating his criminal history category of VI  because it improperly treated two prior sentences as separate.  See United States Sentencing Guidelines § 4A1.2(a)(2) (multiple prior sentences imposed on the same day without an intervening arrest should be treated as one).  The government responds that even assuming this argument to be meritorious, it would not result in a different calculation of Mr. Nelson's category because even if the convictions are treated as one conviction, he has at least 13 criminal history points, which is the threshold for Category VI.  Because we vacate and remand for resentencing, we do not address this issue.