[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15951
Non-Argument Calendar
_____

D.C. Docket Nos. 2:10-cv-08019-IPJ; 2:07-cr-00118-IPJ-MHH-1

JOHN FORREST COON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 1, 2016)

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

We are considering this matter on remand from the United States Supreme

Court. The first time the case was before us on appeal, John Forrest Coon, a

federal prisoner serving a 180-month total sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), challenged the district court's denial of his pro se motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255. The district court had granted Coon a certificate of appealability ("COA") on all of the issues that he raised, including that: (1) his sentence was incorrectly enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); (2) he received ineffective assistance of counsel because counsel did not adequately research his criminal history and oppose the ACCA enhancement; (3) the district court abused its discretion in denying his § 2255 motion without an evidentiary hearing; (4) the district court violated Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc), by not addressing all of his constitutional claims; and (5) the district court erred generally in denying all other claims he asserted in his § 2255 motion. We affirmed the district court's decision on appeal in its entirety, but, thereafter, the United States Supreme Court remanded the case to us in light of its decision in Johnson v. United States, 135 S. Ct. 2551 (2015). After thorough review, we vacate and remand for resentencing.[1]

---

[1] We DENY AS UNNECESSARY Coon's request to expand the COA to include a Johnson claim. Prior to Johnson, the district court granted Coon a COA on, inter alia, the claim that he was incorrectly sentenced under the ACCA in excess of the statutory maximum. Once Johnson was decided and the Supreme Court remanded the case, the parties submitted supplemental briefing to this Court about the effect of Johnson. In its supplemental brief, the government conceded that Coon was sentenced above the statutory maximum in light of Johnson, and did not argue that it lacked fair notice of this claim. While we are limited to reviewing the issues enumerated in a COA, McKay v. United States, 657 F.3d 1190, 1195 (11th

On remand, Coon and the government agree on the sole issue before us: whether the district court erred in denying the claim in his § 2255 motion to vacate that he was erroneously sentenced under the ACCA in excess of the statutory maximum.[2]  In reviewing the denial of a § 2255 motion to vacate, we review questions of law de novo and findings of fact for clear error.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

The ACCA provides that anyone convicted of an offense under 18 U.S.C. § 922(g) who has three previous convictions for a "violent felony" or a "serious drug offense" is subject to a 15-year mandatory minimum sentence.  18 U.S.C. § 924(e)(1).  Defendants convicted under § 922(g) who do not qualify for an enhanced sentence under the ACCA face a statutory mandatory maximum of ten years' imprisonment.  Id. § 924(a)(2).

The ACCA defines a violent felony as any crime punishable by a term of imprisonment exceeding one year that:

(i)      has as an element the use, attempted use, or threatened use of physical force against the person of another; or

---

Cir. 2011), we conclude on this record that the COA the district court granted incorporates the claim that Coon was sentenced above the statutory maximum in light of Johnson.

[2] When we considered Coon's appeal the first time, the government argued that Coon had procedurally defaulted on his ACCA claim.  However, on remand, the government expressly concedes that it has waived all of the procedural defenses it asserted before us and the district court.  Thus, our ruling that Coon procedurally defaulted on his ACCA claim no longer stands, and we address its merits.  Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1261 (11th Cir. 2013) (holding that we cannot avoid ruling on a claim a petitioner has procedurally defaulted if the government has waived the procedural default defense for that claim).

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 924(e)(2)(B).  The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause."  United States v. Owens, 672 F.3d 966, 968 (11th Cir. 2012).

In Johnson, the Supreme Court held that because the residual clause of the "violent felony" definition in the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, imposition of an enhanced sentence under that provision violates the Fifth Amendment's guarantee of due process. The Supreme Court made clear that its ruling on the residual clause did not call into question the validity of the elements clause or the enumerated crimes clause of the ACCA's definition of a violent felony.  135 S.Ct. at 2563.  In Welch v. United States, 578 U.S. __, 136 S.Ct. 1257 (2016), the Supreme Court held that Johnson applies retroactively to cases on collateral review.

Here, Coon's presentence investigation report ("PSI") identified four ACCA predicate violent felonies: (1) a 1992 third-degree burglary conviction in Alabama state court; (2) a 1990 Florida state conviction for burglary of a dwelling; (3) another 1990 Florida state conviction for burglary of a dwelling; and (4) a 1991 third-degree escape conviction in Alabama state court.  The government previously

4

conceded that Coon's prior conviction for third-degree escape no longer qualified as a ACCA predicate conviction. Now, in its supplemental brief, the government concedes that, in light of Johnson, it can no longer maintain that Coon's Alabama third-degree burglary conviction qualifies as a violent felony. This is because we've held, in a case on direct appeal, that "[w]ithout the residual clause of the ACCA, there is no longer any basis for characterizing the Alabama third degree burglary statute as a violent felony under the ACCA." United States v. Nelson, 813 F.3d 981, 981 (11th Cir. 2015). Without this Alabama conviction, Coon has, at most, two predicate convictions, which is not enough to qualify for an enhanced sentence under the ACCA. See 18 U.S.C. § 924(a)(2), (e)(1). Therefore, his total 15-year sentence exceeds the statutory maximum. See id.

Accordingly, we agree with Coon and the government that a remand to the district court is appropriate. On remand, Coon must be resentenced without reference to the residual clause. "[W]hen a criminal sentence is vacated, it becomes void in its entirety; the sentence -- including any enhancements -- has been wholly nullified and the slate wiped clean." United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996) (quotation omitted). "Consequently, when a sentence is vacated and the case is remanded for resentencing, the district court is free to reconstruct the sentence utilizing any of the sentence components." Id.

**VACATED AND REMANDED.**