[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-14651
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-20436-DLG-17

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS FLORES LOPEZ,
a.k.a. Mono Dos,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 12, 2020)

Before WILSON, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Carlos Lopez, a federal prisoner proceeding *pro se*, appeals the district court's denial of his second motion to reduce sentence under 18 U.S.C. § 3582. The district court found that it lacked authority to reduce Lopez's sentence because, even after applying Amendment 782,[1] the sentence was at the bottom of the amended guideline range. The government has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[2] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

We review *de novo* a district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines in a § 3582(c)(2) proceeding. *United States v. Anderson*, 772 F.3d 662, 666 (11th Cir. 2014). But we review a district

---

[1] U.S.S.G. App. C, Amend. 782 (2014).
[2] We are bound by cases decided by the former Fifth Circuit before October 1, 1981. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

court's decision to grant or deny a sentence reduction under § 3582(c)(2) only for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). Arguments not raised before the district court and raised for the first time on appeal are deemed waived. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

A district court has discretion to reduce an imprisonment term if a defendant's sentence is based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). District courts conduct a two-step process in determining whether to apply a retroactive amendment to an eligible defendant:

> First, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact. Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence.

*United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) (citations omitted). However, the district court is not required to reduce the defendant's sentence; the determination is discretionary. *Id.*

Section 3582(c)(2) does not place any limitations on a district court's jurisdiction to consider successive motions based on the same Guidelines amendment. *Caraballo-Martinez*, 866 F.3d at 1243. A district court cannot reduce

a defendant's sentence under § 3582(c)(2) below the amended guideline range unless the defendant was granted a downward departure for providing substantial assistance at his original sentencing. U.S.S.G. § 1B1.10(b)(2); *see also United States v. Colon*, 707 F.3d 1255, 1259-60 (11th Cir. 2013).

Section 2D1.1(c) of the Sentencing Guidelines provides base offense levels for drug offenses based on the type and quantity of drug involved. *See* U.S.S.G. § 2D1.1(c). Amendment 782 to the Sentencing Guidelines altered the base offense levels applicable to certain drug offenses. *See* U.S.S.G. App. C, Amend. 782 (2014). Under Amendment 782, the base offense level for a drug offense involving between 30,000 to 90,0000 kilograms of marijuana equivalent is 36. *See* U.S.S.G. § 2D1.1(c)(2).

Finally, under the law-of-the-case doctrine, both the district court and our Court are bound by findings of fact and conclusions of law made by our Court on a prior appeal of the same case unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996).

As an initial matter, the government's position that Lopez's appeal is foreclosed by the law-of-the-case doctrine is incorrect as a matter of law. *See*

*Groendyke Transp., Inc.*, 406 F.2d at 1162.  The government correctly cites our law-of-the-case doctrine precedent for the proposition that we are bound by findings of fact and conclusions of law that we made in a *prior appeal* in the same case but, as the government concedes, Lopez did not appeal from the denial of his first § 3582(c)(2) motion.  *See Stinson*, 97 F.3d at 469.  The government's position that we are bound by the district court's denial of Lopez's prior § 3582 motion because he did not appeal is not supported by our precedent and is an improper application of the law-of-the-case doctrine.  *See id.*

Nonetheless, the government's contention that the district court lacked authority to reduce Lopez's sentence below the amended guideline range after application of Amendment 782 is correct as a matter of law.  *See Groendyke Transp., Inc.*, 406 F.2d at 1162.  The district court had jurisdiction to consider Lopez's second § 3582(c)(2) motion even though it was also based on Amendment 782 because we have held that there are no jurisdictional limitations in § 3582(c)(2) that prohibit district courts from hearing successive § 3582 motions based on the same amendment to the Sentencing Guidelines.  *See Caraballo-Martinez*, 866 F.3d at 1243.  Under U.S.S.G. § 2D1.1(c)(2), which incorporates the changes made by Amendment 782, Lopez's base offense level was reduced two levels to 36.  *See* U.S.S.G. § 2D1.1(c)(2).  Applying the two-level increase he received for abuse of trust, his adjusted offense level was 38.  *See Vautier*, 144 F.3d at 760.  Accordingly,

5

after application of Amendment 782, Lopez's amended guideline range was 235 to 293 months' imprisonment. U.S.S.G. App. G, Sentencing Tbl. Thus, because Lopez was sentenced to 235 months' imprisonment, the district court correctly determined that, under U.S.S.G. § 1B1.10(b)(2), it could not reduce Lopez's sentence further. *See* U.S.S.G. § 1B1.10(b)(2).

Finally, to the extent Lopez sought to challenge the quantity of drugs he was attributed with for sentencing purposes in his second § 3582(c)(2) motion, that challenge was outside the scope of § 3582(c)(2) and would have been cognizable in a direct appeal from the criminal judgment. *See* 18 U.S.C. § 3582(c)(2). To the extent Lopez referenced Amendment 750[3] and the First Step Act[4] in his appellate brief in an attempt to raise sentence reduction arguments under those authorities, he has waived this Court's consideration of those arguments by raising them for the first time on appeal. *See Access Now, Inc.*, 385 F.3d at 1331.

Thus, because there is no substantial question that the district court was prohibited from further reducing Lopez's sentence after application of Amendment 782, the district court did not abuse its discretion by denying Lopez's second § 3582(c)(2) motion. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Accordingly,

---

[3] U.S.S.G. App. C, Amend. 750 (2011).

[4] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.

6

the government's motion for summary affirmance is GRANTED, and its motion to stay the briefing schedule is DENIED as moot.