[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 24-12575

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL CHANCE,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:06-cr-80179-WPD-1

————————————————

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Following resentencing, Michael Chance appeals his 660-month sentence as substantively unreasonable. After careful review, we affirm.

## I.    Background

In 2007, a grand jury charged Chance in a second superseding indictment with six counts arising out of a robbery of a Washington Mutual Bank and an attempted robbery of a CVS Pharmacy. Specifically, Chance was charged with (1) armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (Count 1); (2) using, carrying, or brandishing a firearm during and in relation to the crime of violence specified in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(A)(ii) (Count 2); (3) attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 3); (4) using, carrying, or brandishing a firearm during and in relation to the crime of violence specified in Count 3, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(C)(i) (Count 4); (5) possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (Count 5); and (6) possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (Count 6). The case proceeded to trial and a jury found him guilty of Counts 1–5, and not guilty of Count 6. The jury also made a special finding for purposes of the § 924(c) counts that Chance had brandished the firearms during and in relation to the armed bank robbery and

attempted Hobbs Act robbery, which increased the applicable penalty for the § 924(c) counts.  The district court determined that Chance's guidelines range was 646 to 711 months' imprisonment and sentenced him to a total of 660 months' imprisonment to be followed by 3 years' supervised release.[1]  We affirmed his convictions and sentences on direct appeal.  *United States v. Chance*, 277 F. App'x 941 (11th Cir. 2008).

Following his direct appeal, Chance filed a motion to vacate sentence under 28 U.S.C. § 2255, arguing that his § 924(c) conviction based on attempted Hobbs Act robbery (Count 4) was unconstitutional in light of *United States v. Davis*, 588 U.S. 445 (2019),[2] and *United States v. Taylor*, 596 U.S. 845 (2022).[3]  The government conceded that Chance was entitled to relief.  Accordingly, the district court granted the § 2255 motion, vacated Chance's conviction on Count 4, and ordered "a new sentencing hearing."

Prior to resentencing, Chance moved for an updated presentence investigation report ("PSI") to be prepared under the

---

[1] This sentence consisted of concurrent terms of 240 months for Counts 1, 3, and 5, a consecutive term of 120 months for Count 2, and a consecutive mandatory-minimum term of 300 months for Count 4.

[2] In *Davis*, the Supreme Court held that § 924(c)'s residual clause was unconstitutionally vague.  588 U.S. at 470.

[3] In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery does not categorically qualify as a predicate crime of violence for purposes of § 924(c).  596 U.S. at 851.

then-current 2023 guidelines manual, which the district court granted.

The new PSI indicated that Chance was now 70 years' old and had been incarcerated on the underlying charges since 2006. Since his 2006 incarceration, he had received 24 disciplinary referrals for: telephone abuse (several times); assault of another inmate; interfering with security devices; refusing to work (several times); interfering with taking count; possessing unauthorized items (rocks); refusing to obey an officer; destroying or disposing of an item during a search; being insolent to a staff member (multiple times); and stealing. However, Chance had completed a number of educational courses while incarcerated.

Chance had a lengthy criminal history dating back to the age of 19 that involved, among other things, larceny and numerous convictions for bank robbery.[4] The probation office determined that Chance qualified as a career offender, which resulted in a guidelines range of 360 months' imprisonment to life. He faced a statutory maximum of life for Count 5 and Count 2 carried a mandatory consecutive term of at least 7 years.

With regard to his personal history and characteristics, the probation office noted that Chance had been a witness to, and suffered from, violence on several occasions. For instance, he (1) had a scar on his arm from a gunpowder explosion that

---

[4] Chance was convicted of bank robbery in 1983 and 1994 based on his robbery of numerous banks.

occurred when he was 14; (2) witnessed his sister's murder during a drug deal and sustained a bullet wound in his arm during that incident; and (3) suffered a knee injury and PTSD from a prison riot in 1995. Chance also had a lengthy history of alcohol and drug abuse dating back to his teens.[5]

At the resentencing hearing,[6] the district court permitted Chance to present additional mitigation. Chance apologized for his actions and expressed remorse. His counsel explained that Chance had been previously treated for anxiety and PTSD, and he had witnessed his sister's murder in his 20s, during which he was also shot. In addition to mental health issues, Chance suffered from "asthma, hyperlipidemia, dermatitis, arthritis, hypertension, peripheral neuropathy, sciatica, pre-diabetes, a history of skin cancer," back pain, vision and hearing issues, and his memory was declining. He had completed approximately 30 classes while incarcerated, and he scored the lowest risk level for recidivism. Additionally, he had worked as a trustee during his incarceration cleaning the offices and private areas where the guards work,

---

[5] Chance moved to strike the new PSI, asserting that it was incomplete and insufficient to aid the court in determining the appropriate sentence because it was prepared without interviewing Chance, it bore a "striking resemblance to the original [PSI]," and it failed to adequately account for Chance's current circumstances or characteristics. For instance, he asserted that the PSI failed to account for Chance's now "advanced age and declining health"; failed to mention that he had a "low risk" of recidivism; and failed to mention his status as a trustee in the prison. The district court denied the motion in a paperless order.

[6] A different judge presided over the resentencing hearing.

which demonstrated that the prison officials trusted him and that he knows how to behave.

His counsel then provided some context for Chance's disciplinary record. For instance, the refusal to work violations were because Chance refused to work out of fear for his personal safety. Chance had previously provided information to prison officials about a planned attack in the prison, which led the other inmates to label him a snitch, and as a result, he had been attacked several times by inmates. Therefore, he had to refuse to do work because inmates who did work assignments are placed in general population. The abuse of telephone charges were from Chance allowing inmates to use his allotted minutes in exchange for commissary items because Chance does not have any family support or money to buy his own commissary. As for the destroying or disposing of an item during a search, Chance explained that all he had done was take his medicine and throw away the cup in his toilet as officers were entering the cell (he could not explain why he had thrown the cup in the toilet). With regard to the possession of rocks, he explained that he collected them to make a weight bag, and officers had let him do that before. Finally, as for the stealing charge, he asserted that he stole "a little piece of tape" in order to hang up Christmas decorations for his cell block.

Chance's counsel urged the court to impose a sentence at the bottom of the guidelines range based on Chance's age, health, and the mitigation evidence presented. The government requested a sentence within the guidelines range of 360 months to

life imprisonment but deferred to the court as to the appropriate sentence within that range.

The district court imposed a sentence of 660 months' imprisonment (the same as his original sentence). In imposing this sentence, the district court explained that it had considered the 18 U.S.C. § 3553(a) sentencing factors, as well as all of Chance's mitigating circumstances, including his age, health, risk of recidivism, work as a trustee, and his efforts to aid the prison in preventing an attack. However, the district court found his lengthy criminal history to be an "aggravating circumstance," noting that he had a consistent pattern, spanning decades, of committing theft- and robbery-related crimes which resulted in incarceration, and then committing the same offenses again very shortly after being released. And although Chance "may have tried to follow the rules in prison," he still had committed infractions that resulted in losing various privileges, "just since 2017." Thus, after considering the aggravating and mitigating circumstances, the district court imposed consecutive terms of 240 months for Count 1, 84 months for Count 2, 156 months for Count 3, and 180 months for Count 5, thereby totaling 660 months' imprisonment. Chance objected to the sentence, and the district court denied the objection. This appeal followed.

## II.    Discussion

Chance argues that his sentence is substantively unreasonable and that the district court erred in weighing the § 3553(a) factors, particularly given that one of the § 924(c) counts

of conviction had been vacated and the only new evidence before the district court was Chance's prison disciplinary record and a wealth of mitigating evidence. He maintains that the district court relied too heavily on his criminal history, which was already accounted for by the guidelines, and failed to adequately account for the mitigating evidence.

Generally, "when a criminal sentence is vacated, it becomes void in its entirety; the sentence—including any enhancements—has been wholly nullified and the slate wiped clean." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (quotations omitted). Consequently, upon resentencing, "the district court is free to reconstruct the sentence utilizing any of the sentence components." *Id.*; *see also United States v. Fowler*, 749 F.3d 1010, 1017 (11th Cir. 2014) (explaining that when a conviction is set aside either on direct appeal or as the result of a § 2255 proceeding, the district court may reconstruct the sentencing package "to ensure that the overall sentence on the surviving counts is consistent with the district court's intentions, the guidelines, and the § 3553(a) factors"). "The [sentencing] package should be repackaged to ensure that the punishment fits both the criminal and the crime." *Fowler*, 749 F.3d at 1018.

We review the substantive reasonableness of a sentence under a deferential abuse of discretion standard, asking whether the sentence is reasonable in light of the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007).

A district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotations omitted). The burden rests on the party challenging the sentence to show "that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *Id.*

The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. 18 U.S.C. § 3553(a)(2). In determining the appropriate sentence, the district court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant"; the guidelines range; the "kinds of sentences available"; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution." *Id.* § 3553(a)(1), (3)–(4), (6)–(7). When evaluating the history and characteristics of the defendant, a court may properly consider a defendant's previous offenses, even where those offenses are already part of the calculation of his guidelines range. *See United States v. Williams*, 526 F.3d 1312, 1324 (11th Cir. 2008).

Importantly, the weight given to a particular § 3553(a) factor "is committed to the sound discretion of the district court," and the court is not required to give "equal weight" to the § 3553(a) factors. *Rosales-Bruno*, 789 F.3d at 1254 (quotation omitted). "We will not second guess the weight given to a § 3553(a) factor so long as the sentence is reasonable under the circumstances." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotations omitted).

Here, the district court did not abuse its discretion in imposing a 660-month sentence. The record confirms that the district court considered the § 3553(a) factors and acted within its discretion in giving more weight to certain sentencing factors over others. *Rosales-Bruno*, 789 F.3d at 1254. Chance's argument that the district court placed too much weight on his criminal history (particularly because his criminal history was already accounted for by the guidelines) and not enough weight on his mitigating evidence is unpersuasive. It is well-established that the district court was entitled to consider Chance's prior offenses even if they were already part of the guidelines calculation. *See Williams*, 526 F.3d at 1324. As we have previously explained, "[c]ourts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed, and [p]lacing substantial weight on

a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (alteration in original) (quotations and citation omitted).

Furthermore, although the district court may not have discussed all of Chance's mitigating evidence, "[a] district court's failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider th[e] evidence." *Butler*, 39 F.4th at 1356 (second alteration in original) (quotations omitted). "Rather, a district court's acknowledgment," like the one here, "that it has considered the § 3553(a) factors and the parties' arguments is sufficient." *Id*. Relatedly, Chance's contention that given his advanced age, his sentence essentially amounts to a life sentence is unpersuasive. "[A] sentence which may result in a defendant passing away while in custody, however tragic, is neither automatically a life sentence nor presumptively unreasonable." *United States v. Mosquera*, 886 F.3d 1032, 1052 (11th Cir. 2018).

We are also unpersuaded by Chance's contention that his sentence is substantively unreasonable because at his original 2007 sentencing he received a sentence of 660 months' imprisonment toward the bottom of the applicable guidelines range of 646 to 711 months' imprisonment, but, on resentencing, he received the same sentence even though the bottom of the revised guidelines range was substantially lower (360 months to life). We have previously rejected similar arguments that suggest that a corrected lower advisory guidelines range is entitled to any special consideration or

that it automatically entitles the defendant to a lower sentence. *See Rosales-Bruno*, 789 F.3d at 1257–58. Rather, on resentencing, under § 3553(a), the district court is required to consider the corrected guidelines range as well as the other § 3553(a) factors and must "determine whether, in its judgment, those other sentencing factors outweighed the lower advisory guidelines range." *Id.* at 1258. The district court engaged in that exact analysis here when resentencing Chance. It correctly recalculated the advisory guidelines range; it gave Chance the opportunity to present mitigating evidence; it gave both parties the opportunity to argue for the sentence they deemed appropriate; and it then considered the remaining § 3553(a) sentencing factors in determining the sentence. While Chance takes issue with the weight the district court gave to the § 3553(a) factors and the way in which the court applied them to his case, it was within the district court's discretion to give more weight to any one § 3553(a) factor—such as Chance's criminal history—than it gave to the others. *Id.* at 1254.

Finally, we note that Chance's sentence is within the guidelines range and well below the statutory maximum of life imprisonment, both of which are indicators of reasonableness. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily . . . expect a sentence within the Guidelines range to be reasonable." (quotations omitted)); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (explaining that a sentence that is below the statutory maximum is an indicator of reasonableness). Accordingly, we are not "left with the definite

and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (*en banc*) (quotations omitted). Consequently, we conclude that Chance's sentence is substantively reasonable, and we affirm.

**AFFIRMED.**